KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

| | |
|---|---|
| SIMON KLEVANSKY | 3217-0 |
| ALIKA L. PIPER | 6949-0 |
| ELAINE T. CHOW | 10377-0 |

841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone:  (808) 536-0200
Facsimile:   (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com
         apiper@kplawhawaii.com
         echow@kplawhawaii.com

Attorneys for Plaintiff
David Sansone Company, Inc.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| DAVID SANSONE COMPANY, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> WAIAHA RIDGE LLC, a Hawaii limited liability company; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; and DOE ENTITIES 1-50, <br><br> Defendants. | Civil No.: _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff DAVID SANSONE COMPANY INC. ("Plaintiff"), a California corporation, appearing by and through its attorneys, Klevansky Piper, LLP, complains against the defendants named herein as follows:

## THE PARTIES

1. Plaintiff is a California corporation, with its principal place of business in the State of California.

2. Defendant WAIAHA RIDGE, LLC ("Defendant") is a Hawaii limited liability company doing business in the State of Hawaii.

3. Defendants John Does 1-50, Jane Does 1-50, Doe Corporations 1-50, Doe Partnerships 1-50, and Doe Entities 1-50 are persons or entities who are or may be liable together with the above-named Defendant for amounts owed as alleged herein, and whose true names, identities and capacities are presently unknown to Plaintiff or Plaintiff's attorneys. Plaintiff has investigated its business records and files, but is unable to ascertain whether or not all parties who are or may be liable for amounts owed as alleged herein are named herein. Plaintiff will identify such defendants if and when their names and capacities are ascertained.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332.

5. Plaintiff, on the one hand, and Defendant, on the other hand, are corporations of different states.

6. The matter in controversy between Plaintiff and Defendant exceeds the sum of $75,000.00.

7. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this judicial district.

## FACTUAL BACKGROUND

8. From and after July 2006, Plaintiff made various loans to Defendant (collectively the "Loans").

9. The Loans arose from various transactions between the parties. At the time certain of the Loans were made, there were no express written contracts between the parties indicating the amount of interest which would accrue on the outstanding amounts owed to Plaintiff under the Loans.

10. Upon information and belief, on or about October 23, 2018, the Defendant executed a Promissory Note in favor of Plaintiff (the "Note") which confirmed that the Plaintiff by that date had lent the Defendant the principal sum of $2,953,476.29 between July 2006 and February 2018 pursuant to the Loans. The Note further provided that from and after November 1, 2018, interest would accrue on the Note at the rate of 3.5% per annum.

11. The Note, however, did not specify the interest rates that had applied on the principal obligations prior to that date.

12. Haw. Rev. Stat. §478-2 provides in pertinent part that when there is no express written contract fixing a different rate of interest, interest shall be allowed at the rate of 10% per year.

13. The obligations owed under the Note are secured by that certain Mortgage dated October 23, 2018 (the "Mortgage"), between Plaintiff, as Lender, and Defendant, as Borrower. The Mortgage was recorded in the Bureau of Conveyances of the State of Hawaii as Doc. A–68710976 on October 24, 2018.

14. The Mortgage encumbered various real properties identified by Tax Map Key Nos. (3) 7-5-017-045, (3) 7-5-017-046, (3) 7-5-017-47, (3) 7-5-017-055, (3) 7-5-017-056, (3) 7-5-017-057, (3) 7-5-017-058, and (3) 7-5-017-059 (collectively the "Mortgaged Properties").

15. Certain of the Mortgage Properties have since been sold, and Plaintiff has received payment for a portion of the amounts owed.

16. Plaintiff and Defendant disagree on the interest rate amount used to calculate the outstanding amounts owed under the Loans, and the amount remaining due to Plaintiff from Defendant under the Loans.

17. Defendant has advised Plaintiff that interest should only accrue from and after November 1, 2018 at the rate of 3.5% per annum, and that no interest should accrue prior to November 1, 2018 for the amounts owed under the Loans.

18. Plaintiff has advised Defendant that with respect to the outstanding interest owed pursuant to the Loans prior to November 1, 2018, interest should accrue at the rate provided by Haw. Rev. Stat. §478-2 because there was no express written contract for that period, and for the outstanding amounts accrued after November 1, 2018, interest should accrue at the rate of 3.5% as provided by the Note.

19. For the remaining Mortgaged Properties which have not yet been sold, there may be insufficient proceeds to pay Plaintiff all amounts owed pursuant to the Loans, with interest.

**COUNT I – DECLARATORY JUDGMENT AS TO ACCRUED INTEREST**

20. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 19.

21. Upon information and belief, there is no express written contract between the Plaintiff and Defendant indicating the interest rate for the interest which accrues on all outstanding amounts of the Loans prior to November 1, 2018.

22. Under Haw. Rev. Stat. §478-2, when there is no express written contract fixing a different rate of interest, interest is allowed at the rate of 10% per year.

23. Plaintiff is entitled to a judgment declaring that the interest rate for the interest which accrues on the outstanding amounts of the Loans, prior to November 1, 2018, is 10% per annum, pursuant to Haw. Rev. Stat. §478-2, or such other applicable rate as the Court may determine is just and proper.

## COUNT II – MONEY JUDGMENT

24. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 23.

25. Plaintiff is entitled to a Judgment against Defendant for the net amount owed, including interest accrued both before and after November 1, 2018, after crediting Defendant with payments for monies as and when actually paid, which Judgment shall adhere to the Mortgaged Properties to the extent of their value, and in any event as a money judgment in favor of Plaintiff and against Defendant.

WHEREFORE, Plaintiff prays that the Court:

A. With respect to Count I, enter judgment declaring that the interest rate for the interest which accrues on the outstanding amounts of the Loans, prior to November 1, 2018, is 10% per annum, pursuant to Haw. Rev. Stat. §478-2, or such other applicable rate as the Court may determine is just and proper;

B. With respect to Count II, enter judgment in favor of Plaintiff and against Defendant for the net amount owed, including interest accrued both before and after November 1, 2018, after crediting Defendant with payments for monies as and when actually paid, which Judgment shall adhere to the Mortgaged Properties to the extent of their value, and in any event as a money judgment in favor of Plaintiff and against Defendant;

C. Award Plaintiff its reasonable attorneys' fees and costs; and

D. Award Plaintiff any and all other relief that this Court deems just and proper.

DATED: Honolulu, Hawaii, September 30, 2020.

/s/ Alika L. Piper
SIMON KLEVANSKY
ALIKA L. PIPER
ELAINE T. CHOW
Attorneys for Plaintiff