KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

SIMON KLEVANSKY         3217-0
ALIKA L. PIPER          6949-0
ELAINE T. CHOW         10377-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com
        apiper@kplawhawaii.com
        echow@kplawhawaii.com

Attorneys for Plaintiff
David Sansone Company, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF HAWAII**

| | |
|---|---|
| DAVID SANSONE COMPANY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WAIAHA RIDGE LLC, a Hawaii limited liability company; DANIEL B. BOLTON; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; and DOE ENTITIES 1-50,<br><br>Defendants. | Civil No.: 1:20-cv-00411<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** |

# FIRST AMENDED
# COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff DAVID SANSONE COMPANY INC. ("Plaintiff"), a California corporation, appearing by and through its attorneys, Klevansky Piper, LLP, complains against the defendants named herein as follows:

## THE PARTIES

1. Plaintiff is a California corporation, with its principal place of business in the State of California.

2. Defendant WAIAHA RIDGE, LLC ("Defendant WRL") is a Hawaii limited liability company doing business in the State of Hawaii.

3. Defendant DANIEL B. BOLTON ("Defendant Bolton") is a resident of the County of Hawaii, State of Hawaii.

4. Hereinafter Defendant WRL and Defendant Bolton are sometimes collectively referred to as the "Defendants".

5. Defendants John Does 1-50, Jane Does 1-50, Doe Corporations 1-50, Doe Partnerships 1-50, and Doe Entities 1-50 are persons or entities who are or may be liable together with the above-named Defendants for amounts owed as alleged herein, and whose true names, identities and capacities are presently unknown to Plaintiff or Plaintiff's attorneys. Plaintiff has investigated its business records and files, but is unable to ascertain whether or not all parties who are or may

be liable for amounts owed as alleged herein are named herein. Plaintiff will identify such defendants if and when their names and capacities are ascertained.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332.

7. Plaintiff, on the one hand, and Defendants, on the other hand, are corporations of different states.

8. The matter in controversy between the parties exceeds the sum of $75,000.00.

9. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this judicial district.

## FACTUAL BACKGROUND

10. From and after July 2006, Plaintiff made various loans to Defendants (collectively the "Loans").

11. The Loans arose from various transactions between the parties. At the time certain of the Loans were made, there were no express written contracts between the parties indicating the amount of interest which would accrue on the outstanding amounts owed to Plaintiff under the Loans.

12. Upon information and belief, on or about October 23, 2018, Defendant WRL executed a Promissory Note in favor of Plaintiff (the "Note") which

confirmed that the Plaintiff by that date had lent the Defendants the principal sum of $2,953,476.29 between July 2006 and February 2018 pursuant to the Loans. The Plaintiff made additional Loans to the Defendants after February 2018.

13. The Note further provided that from and after November 1, 2018, interest would accrue on the Note at the rate of 3.5% per annum.

14. The Note, however, did not specify the interest rates that had applied on the principal obligations prior to that date.

15. Haw. Rev. Stat. §478-2 provides in pertinent part that when there is no express written contract fixing a different rate of interest, interest shall be allowed at the rate of 10% per year.

16. The obligations owed under the Note are secured by that certain Mortgage dated October 23, 2018 (the "Mortgage"), between Plaintiff, as Lender, and Defendant WRL, as Borrower. The Mortgage was recorded in the Bureau of Conveyances of the State of Hawaii as Doc. A–68710976 on October 24, 2018.

17. The Mortgage encumbered various real properties identified in the Mortgage by Tax Map Key Nos. (3) 7-5-017-045, (3) 7-5-017-046, (3) 7-5-017-47, (3) 7-5-017-055, (3) 7-5-017-056, (3) 7-5-017-057, (3) 7-5-017-058, and (3) 7-5-017-059. Certain of the real properties were subsequently subdivided, and assigned new Tax Map Key Nos. as follows: (3) 7-5-017-004, (3) 7-5-017-009, (3) 7-5-017-055, (3) 7-5-017-056, (3) 7-5-017-57, (3) 7-5-017-059, (3) 7-5-017-063, (3)

7-5-017-065, (3) 7-5-017-069, (3) 7-5-017-070 and (3) 7-5-017-071.   Hereinafter, all properties covered by the Mortgage are collectively referred to as the "Mortgaged Properties".

18. Certain of the Mortgage Properties have since been sold, and Plaintiff has received payment for a portion of the amounts owed.

19. Plaintiff and Defendants disagree on the interest rate amount used to calculate the outstanding amounts owed under the Loans, and the amount remaining due to Plaintiff from Defendants under the Loans.

20. Defendants have advised Plaintiff that interest should only accrue from and after November 1, 2018 at the rate of 3.5% per annum, and that no interest should accrue prior to November 1, 2018 for the amounts owed under the Loans.

21. Plaintiff has advised Defendants that with respect to the outstanding interest owed pursuant to the Loans prior to November 1, 2018, interest should accrue at the rate provided by Haw. Rev. Stat. §478-2 because there was no express written contract for that period, and for the outstanding amounts accrued after November 1, 2018, interest should accrue at the rate of 3.5% as provided by the Note.

22. For the remaining Mortgaged Properties which have not yet been sold, there will be insufficient proceeds to pay Plaintiff all amounts owed pursuant to the Loans, with interest.

**COUNT I – DECLARATORY JUDGMENT AS TO ACCRUED INTEREST**

23. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 22.

24. Upon information and belief, there is no express written contract between the Plaintiff and Defendants indicating the interest rate for the interest which accrues on all outstanding amounts of the Loans prior to November 1, 2018.

25. Under Haw. Rev. Stat. §478-2, when there is no express written contract fixing a different rate of interest, interest is allowed at the rate of 10% per year.

26. Plaintiff is entitled to a judgment declaring that the interest rate for the interest which accrues on the outstanding amounts of the Loans, prior to November 1, 2018, is 10% per annum, pursuant to Haw. Rev. Stat. §478-2, or such other applicable rate as the Court may determine is just and proper.

**COUNT II – MONEY JUDGMENT**

27. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 26.

28.  Plaintiff is entitled to a Judgment against each of the Defendants, jointly and severally, for the net amount owed, including interest accrued both before and after November 1, 2018, after crediting Defendants with payments for monies as and when actually received by Plaintiff, which Judgment shall adhere to the Mortgaged Properties and any other property in which the Defendants, or either of them, have an interest, to the extent of their value, and in any event as a money judgment in favor of Plaintiff and against Defendants, jointly and severally.

WHEREFORE, Plaintiff prays that the Court:

A.  With respect to Count I, enter judgment declaring that the interest rate for the interest which accrues on the outstanding amounts of the Loans, prior to November 1, 2018, is 10% per annum, pursuant to Haw. Rev. Stat. §478-2, or such other applicable rate as the Court may determine is just and proper;

B.  With respect to Count II, enter judgment in favor of Plaintiff and against each of the Defendants, jointly and severally, for the net amount owed, including interest accrued both before and after November 1, 2018, after crediting Defendants with payments for monies as and when actually paid, which Judgment shall adhere to the Mortgaged Properties and any other property in which the Defendants, or either of them, have an interest, to the extent of their value, and in any event as a money judgment in favor of Plaintiff and against Defendants, jointly and severally;

C. Award Plaintiff its reasonable attorneys' fees and costs, including costs to which Plaintiff is entitled under the Mortgage; and

D. Award Plaintiff any and all other relief that this Court deems just and proper.

DATED: Honolulu, Hawaii, October 7, 2020.

/s/ Alika L. Piper
SIMON KLEVANSKY
ALIKA L. PIPER
ELAINE T. CHOW
Attorneys for Plaintiff