BFL LAW

JASON R. BRASWELL, 10632
TERRI L. FUJIOKA-LILLEY, 9590
DAWN H. LAIRD, 6552
75-127 Lunapule Road, Ste. 8B
Kailua-Kona, HI 96740
Telephone: (808) 345-7662

Attorneys for Defendants
WAIAHA RIDGE, LLC and
DANIEL B. BOLTON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| DAVID SANSONE COMPANY, INC., a California corporation, *et al.*, | Civ. No. 1:20-cv-00411-HG-RT |
|---|---|
| Plaintiffs, | REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS WAIAHA RIDGE, LLC AND DANIEL B. BOLTON'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [ECF No. 24][1] FOR FAILURE TO STATE A CLAIM; CERTIFICATE OF SERVICE |
| v. | |
| WAIAHA RIDGE LLC, a Hawaiʻi limited liability company, *et al.*, | |
| Defendants. | |
| | (caption continues) |
| | Hearing Motion |

---

[1] In the title of their motion to dismiss the Third Amended Complaint, Defendants originally erroneously referenced ECF No. 10, which is the Second Amended Complaint. The Third Amended Complaint is ECF No. 24.

Hearing Date: March 24, 2021
Hearing Time: 11:00 A.M.
Judge: Senior Judge Helen Gillmor

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS WAIAHA RIDGE, LLC AND DANIEL B. BOLTON'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [ECF No. 24] FOR FAILURE TO STATE A CLAIM

Defendants WAIAHA RIDGE, LLC and DANIEL B. BOLTON respectfully submit the following reply memorandum in support of Defendants Waiaha Ridge, LLC and Daniel B. Bolton's Motion to Dismiss Third Amended Complaint for Failure to State a Claim.

## ARGUMENT

Plaintiffs' opposition memorandum concedes the insufficiency of the allegations in the Third Amended Complaint [ECF No. 24] ("TAC"). Rather than relying on the allegations contained in the TAC—which Defendants agree are sorely lacking and insufficient to state a claim—Plaintiffs attempt to add new facts via a declaration and exhibits, as well a new legal theory making its initial appearance in the opposition brief. These new facts should be ignored by the Court.[2] Even if they are considered, however, they change nothing.

---

[2] Under Federal Rule of Civil Procedure 12(d), "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All

## I. The TAC concedes that Defendants never agreed to pay interest on the purported loans.

The TAC contains no allegations that Defendants ever agreed to pay interest on the purported loans and candidly concedes that no such agreement was ever made. (TAC ¶ 46.)

The new information that Plaintiffs improperly attempt to add via their opposition memorandum does nothing to contradict the TAC on those points.[3] Instead, it accomplishes three things. First, it needlessly bolsters the allegation of the TAC that Plaintiffs provided Defendant Daniel Bolton with $1.8 million—an allegation that was already required to be taken as true for the purposes of the instant motion. (Decl. of David Sansone ("Sansone Decl.") [ECF No. 32-1] ¶ 5 & Ex. 2.) Second, it attempts to use an unnotarized, unrecorded draft mortgage as evidence

---

parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

[3] To be clear, Defendants' position is that the Declaration of David Sansone [ECF No. 32-1] and Exhibits 1 and 2 thereto should be ignored by the Court on this Rule 12(b)(6) motion. The effect of those improperly introduced materials is discussed here in case the Court entertains considering them.

that Defendants promised to pay interest the purported $1.8 million loan even though (a) such a conclusion would be in direct contradiction to the allegations of the TAC (TAC ¶ 46) and (b) there are no allegations or testimony that the promissory note referenced by the draft mortgage was ever agreed to or even actually exists. (Sansone Decl. ¶ 6.) Third, it confirms that Plaintiffs and Defendants knew how to agree to and document obligations to pay interest when that was their intent—the exact type of agreements and documentation that are conspicuously absent here. (Sansone Decl. ¶ 7.)

Without an agreement to pay interest, there can be no liability for breach of such an agreement. Plaintiffs concede this point. (Opp'n Memo. [ECF No. 32] at 4 ("Plaintiffs are not seeking a claim against Defendants for breach of a purported loan agreement.") (emphasis in original).)

II. **There is no legal theory under which Plaintiffs are entitled to interest on the purported loans in the absence of an agreement to pay such interest.**

In the absence of an agreement to pay interest on the purported loans, Plaintiffs need some legal theory as to why they may be entitled to interest without such an agreement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a

3

complaint that states a plausible claim for relief survives a motion to dismiss.") Each of the four legal theories that Plaintiffs put forward fails.

**A. Interest is not available under Hawaiʻi Revised Statues § 478-2(1) where the parties have not agreed on the payment of interest or on the term of the loan.**

As discussed in the memorandum in support of Defendants' motion, Hawaiʻi Revised Statutes (HRS) § 478-2(1) (1993) provides for statutory interest "For money due on any bond, bill, promissory note, or other instrument of writing, or for money lent, ***after it becomes due***[.]" (Emphasis added.) The TAC contains no allegations that any of the purported loans have become due (or even any allegations as to when they would become due), which would seem to compel the conclusion that HRS § 478-2(1) is inapplicable in this case. That conclusion is confirmed by the Supreme Court of Hawaiʻi's opinion in *Schefke v. Reliable Collection Agency, Inc.*, a case that Plaintiffs do not even try to distinguish. 96 Hawaiʻi 408, 436, 32 P.3d 52, 80 (2001) (vacating portion of a jury award in which the jury had awarded prejudgment interest on a claim for breach of a loan that provided for neither interest nor fixed repayment terms).

4

**B. Interest is not available under Hawaiʻi Revised Statutes § 478-2(4) because the TAC's allegations describe a series of alleged loans between different combinations of parties rather than an "open account."**

Realizing that HRS § 478-2(1) is not going to work for them, Plaintiffs attempt to pivot to HRS § 478-2(4) which provides for statutory interest "[f]or money upon an open account, after sixty days from the date of the last item or transaction." Plaintiffs' theory is that the purported loans "were continuous and consisted of a series of transaction" and therefore constituted an "open account" for the purposed of HRS § 478-2(4). The allegations of the TAC, however, do not describe an open account; rather, they describe multiple independent purported loans between multiple parties.

"An 'open account' is an account with a balance which has not been ascertained and is kept open in anticipation of future transactions. A defining characteristic of an open account is that services are recurrently granted over a period of time. Thus, an open account is similar to a line of credit." 1 Am. Jur. 2d Accounts and Accounting § 4 (2021).

According to the TAC, the loans made to Defendants were as follows:

| Creditor(s) | Debtor(s) | Source |
|---|---|---|
| Los Padres Construction, Inc. | Daniel Bolton | TAC ¶ 42(A) |
| Avila Properties, LLC | Daniel Bolton | TAC ¶ 42(B) |
| David Sansone Company, Inc. and Avila Properties, LLC | Daniel Bolton | TAC ¶ 42(C) |
| David Sansone Company, Inc., Sansone Company, Inc., and Sansone Real Estate Investments, LLC | Daniel Bolton | TAC ¶ 42(D) |
| Sansone Real Estate Investments, LLC | Bolton, Inc. | TAC ¶ 42(E) |

As shown above, no two of the five purported loans even had the same parties on both sides of the transaction. These purported loans are not a series of transactions between the parties meeting the definition of "open account" described in *Coombs v. Rogers*, 22 Haw. 91, 94 (1914). Rather, they are five separate transactions between five different combinations of parties. As such, HRS 478-2(4) does not apply.

### C. Interest is not available under Hawaiʻi Revised Statutes § 425-120 because the TAC does not allege that loans were made to a partnership.

Plaintiffs claim for the first time in their opposition memorandum that they may be entitled to interest under certain provisions of Hawaiʻi's Uniform Partnership Act, namely HRS § 425-120(e), which provides that partners are entitled

6

to interest in certain loans made to a partnership. The problem with this theory, in addition to it not being asserted in the TAC, is that the TAC contains no allegations that loans were made to a partnership; in fact, it does not even allege that a partnership existed.[4] Instead, the TAC unambiguously alleges that loans were made to Defendant Daniel Bolton and non-defendant Bolton, Inc. (TAC ¶ 42.)

The TAC does not even allege that a partnership existed, much less that Plaintiffs incurred any liabilities "in the ordinary course of the business of the partnership or for the preservation of its business or property[,]" *see* HRS § 425-120(c) or that Plaintiffs made "an advance to the partnership beyond the amount of capital the partner agreed to contribute[,]" *see* HRS § 425-120(d)—indeed, the TAC makes no allegations regarding what capital contributions the partners agreed to make to any anticipated partnership. As such, HRS § 425-120(e) does not provide an avenue for Plaintiffs to recover interest.

---

[4] On the issue of partnership and partnership loans, Plaintiffs' opposition memorandum departs significantly from the framework of a Rule 12(b)(6) motion by discussing what might be the case "[i]f Defendants allege the parties formed a partnership and the Loans were partnership obligations[.]" (Opp'n Memo. at 21.) Defendants' allegations are of no significance in the instant motion. The only allegations of significance are those of the TAC, where Plaintiffs allege that loans were made to Defendants, not to a partnership. (TAC ¶ 42.)

**D.     Interest is not available to Plaintiffs under an unjust enrichment theory because there are no allegations that Defendants unjustly retained the purportedly loaned funds.**

Via their unjust enrichment claim (or "money had and received" claim), Plaintiffs seek the ex post judicial imposition of an obligation to pay interest—interest that admittedly was neither contemporaneously requested by the lender nor agreed to by the borrower. They are essentially asking the Court to step in to guarantee them a return on their investment.[5] An unjust enrichment claim, however, is not a legally cognizable avenue to ensure that a plaintiff's investments yield a desired return.

Under Hawaiʻi law, the elements of unjust enrichment are: (1) that the plaintiff conferred a benefit upon the defendant; and (2) that the retention of that

---

[5] *See, e.g.*, Opp'n Memo. at 14-15 stating:
> Parties in a business transaction are understood to be entitled to a monetary return, such as interest, for advances made. Lenders in such business transactions are not expected to make loans and advances in the millions of dollars, without receiving interest on the loans and advances. The allegations in the Complaint are far more than sufficient to allow "the court to draw the reasonable inference that the defendant is liable" for reasonable interest and that Plaintiffs are entitled to a money judgment and a judgment for monies had and received and unjust enrichment.

benefit by the defendants would be unjust. *Porter v. Hu*, 116 Hawai'i 42, 55, 169 P.3d 994, 1007 (Haw. App. 2007). The allegations in the TAC do not support a claim for unjust enrichment under Hawai'i law. While Plaintiffs do allege that they that they conferred a benefit upon Defendants in the form of the purportedly loaned funds, they do not and cannot allege that Defendants have improperly retained that benefit, *i.e.*, that Defendants have not returned the purportedly loaned funds to Plaintiffs. (*See, e.g.*, TAC ¶¶ 54, 68.) As such, they have failed to state a claim for unjust enrichment. *See Sluck v. Rapacz*, No. A13-2268, 2014 WL 4056071, at *2 (Minn. Ct. App. Aug. 18, 2014) (holding that failure to pay interest did not constitute unjust enrichment because defendant did not "*receive* and *retain* something of value") (emphasis in original).

## III. The TAC should be dismissed with prejudice.

The consistent and inescapable deficiency in Plaintiffs' four attempts to state a viable claim is that Plaintiffs cannot allege a promise by Defendants to pay interest on the purported loans. They have had four opportunities to do so but obviously cannot. Allowing further amendment would be futile. The TAC should be dismissed with prejudice.

## CONCLUSION

The TAC does not contain any allegations or legal theories under which Plaintiffs would be entitled to interest from Defendants on the purported loans. As such, it fails to state a claim upon which relief can be granted. The TAC, in its entirety, should be dismissed with prejudice.

DATED: Kailua-Kona, Hawai'i, March 12, 2021

/s/ Jason R. Braswell
JASON R. BRASWELL
TERRI L. FUJIOKA-LILLEY
DAWN H. LAIRD

Attorneys for Defendants
WAIAHA RIDGE, LLC and
DANIEL B. BOLTON