# MINUTES

| | |
|---|---|
| CASE NUMBER: | CV NO. 20-00411 HG-RT |
| CASE NAME: | David Sansone Company, Inc.; Sansone Real Estate Investments, LLC; David Sansone; Sansone Company, Inc.; Avila Properties, LLC; Los Padres Construction, Inc. v. Waiaha Ridge LLC; Daniel B. Bolton; John Does 1-50; Jane Does 1-50; Doe Corporations 1-50; Doe Partnerships 1-50;Doe Entities 1-50 |
| ATTYS FOR PLAS: | Simon Klevansky, Esquire<br>Alika L. Piper, Esquire |
| ATTY FOR DEFS: | Jason R. Braswell, Esquire |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | Cynthia Fazio |
| DATE: | 3/31/2021 | TIME: | 11:07am-11:27am |

COURT ACTION: EP: DEFENDANTS WAIAHA RIDGE, LLC AND DANIEL B. BOLTON'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 29)

The Court and the attorneys are present via video conference.

Discussion held.

Plaintiffs claim that beginning in July 2006, Plaintiff David Sansone made a series of loans to Defendant Bolton through Plaintiff Sansone's wholly owned entities.

Plaintiffs assert that while the Parties agree as to the principal amount owing on the loans, they disagree as to whether interest is owed on the loans other than as stated in the November 1, 2018 agreement.

Plaintiffs seek a declaratory judgment that interest is owed on the loans in addition to that stated in the November 1, 2018 agreement, at the rate of 10% per annum pursuant to

Hawaii Revised Statute § 478-2.

Defendants filed a Motion to Dismiss Plaintiffs' Third Amended Complaint.  Defendants claim they do not owe any interest on the loans other than that stated in the November 1, 2018 agreement.

Defendants' Motion to Dismiss (ECF No. 29) is **DENIED**.

As early as 1896 the United States Supreme Court ruled:

> It is a dictate of natural justice, and the law of every civilized country, that a man is bound in equity, not only to perform his engagements, but also to repair all the damages that accrue naturally from their breach ... Every one who contracts to pay money on a certain day knows that, if he fails to fulfill his contract, he must pay the established rate of interest as damages for his non-performance.  Hence, it may correctly be said that such is the implied contract of the parties.
>
> It is no hardship for one who has had the use of money owing to another to be required to pay interest thereon from the time when the payment should have been made.
>
> Spalding v. Mason, 161 U.S. 375, 396 (1896) (internal quotations and citations omitted).

Interest has long been regarded as an implicit part of a contractual obligation to pay money. Fotta v. Trs. of the United Mine Workers of Am., 165 F.3d 209, 213 (3d Cir. 1998).  It is widely held that the obligation to pay interest on a loan, when not expressly waived, is implied. See Cyrus W. Beale v. T. Justin Moore, Receiver, Etc., 32 S.E.2d 696, 698 (Va. 1945); Dowling v. Albany Planing Mill, Inc., 395 P.2d 143, 146 (Or. 1964); Dynegy Marketing and Trade v. Multiut Corp., 648 F.3d 506, 517 (7th Cir. 2011).

DEFENDANTS WAIAHA RIDGE, LLC AND DANIEL B. BOLTON'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 29) is **DENIED**.

Submitted by: Rachel Sharpe, Courtroom Manager