KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

SIMON KLEVANSKY      3217-0
ALIKA L. PIPER        6949-0
ELAINE T. CHOW     10377-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone:  (808) 536-0200
Facsimile:   (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com
        apiper@kplawhawaii.com
        echow@kplawhawaii.com

Attorneys for Plaintiff and Counterclaim
Defendant David Sansone Company, Inc., and
Plaintiffs David Sansone, Sansone Company, Inc.,
Los Padres Construction, Inc., Avila Properties,
LLC, and Sansone Real Estate Investments, LLC

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF HAWAII**

DAVID SANSONE COMPANY, INC.,
a California corporation; DAVID
SANSONE, a California resident;
SANSONE COMPANY INC., a
California corporation; LOS PADRES
CONSTRUCTION, INC., a dissolved
California corporation; AVILA
PROPERTIES, LLC, a cancelled
California limited liability company;
SANSONE REAL ESTATE
INVESTMENTS, LLC, a cancelled
California limited liability company,

        Plaintiffs,

        vs.

Civil No.: 1:20-cv-00411 HG-RT

**PLAINTIFF AND COUNTERCLAIM DEFENDANT DAVID SANSONE COMPANY, INC.'S ANSWER TO COUNTERCLAIM, FILED ON APRIL 14, 2021**

Related Docket No. 43

134759_2.docx

WAIAHA RIDGE LLC, a Hawaii limited liability company; DANIEL B. BOLTON; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; and DOE ENTITIES 1-50,

          Defendants.

WAIAHA RIDGE, LLC,

          Counterclaim Plaintiff,

          vs.

DAVID SANSONE COMPANY, INC.,

          Counterclaim Defendant.

**PLAINTIFF AND COUNTERCLAIM DEFENDANT DAVID SANSONE COMPANY, INC.'S ANSWER TO COUNTERCLAIM, <u>FILED ON APRIL 14, 2021</u>**

Plaintiff and Counterclaim Defendant DAVID SANSONE COMPANY, INC., a California corporation ("Plaintiff DSCO"), appearing by and through its attorneys, answers the Counterclaim, filed on April 14, 2021 (the "Counterclaim") by Defendant WAIAHA RIDGE, LLC ("Defendant Waiaha Ridge") as follows:

1.      With respect to paragraph 1 of the Counterclaim, Plaintiff DSCO admits the allegations contained therein.

2.	With respect to paragraph 2 of the Counterclaim, Plaintiff DSCO admits the allegations contained therein.

3.	With respect to paragraph 3 of the Counterclaim, Plaintiff DSCO admits Plaintiff DSCO and Defendant Waiaha Ridge are citizens of different states (California and Hawaii, respectively), but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations therein, and therefore, denies the remaining allegations.

4.	With respect to paragraph 4 of the Counterclaim, Plaintiff DSCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore, denies the same.

5.	With respect to paragraph 5 of the Counterclaim, Plaintiff DSCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore, denies the same.

6.	With respect to paragraph 6 of the Counterclaim, Plaintiff DSCO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore, denies the same.

7.	With respect to paragraph 7 of the Counterclaim, Plaintiff DSCO states that the Mortgage dated October 23, 2018 speaks for itself, and otherwise denies the allegations contained therein.

8.      With respect to paragraph 8 of the Counterclaim, Plaintiff DSCO denies the allegations contained therein.

9.      With respect to paragraph 9 of the Counterclaim, Plaintiff DSCO denies the allegations contained therein.

10.     With respect to paragraph 10 of the Counterclaim, Plaintiff DSCO admits Defendant Daniel Bolton sent an email dated October 23, 2020 to Plaintiff David Sansone but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations therein, and therefore, denies the remaining allegations.

11.     With respect to paragraph 11 of the Counterclaim, Plaintiff DSCO denies the allegations contained therein.

12.     With respect to paragraph 12 of the Counterclaim, Plaintiff DSCO denies the allegations contained therein.

13.     With respect to paragraph 13 of the Counterclaim, Plaintiff states the statutes speak for themselves.

14.     All allegations to which no specific response appears above are denied.

## AFFIRMATIVE DEFENSES

15.     The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon

Defendant Waiaha Ridge. Plaintiff DSCO expressly reserves the right to amend, add to and/or otherwise supplement its affirmative and other defenses at such time and to such extent as discovery and factual developments establish a basis therefor. Further in answering the Counterclaim, Plaintiff DSCO pleads the following affirmative defenses:

## First Affirmative Defense

16. The Counterclaim fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

17. Defendant Waiaha Ridge's claims are barred by the doctrine of unclean hands.

## Third Affirmative Defense

18. Defendant Waiaha Ridge's claims are barred to the extent Defendant Waiaha Ridge has acted in bad faith.

## Fourth Affirmative Defense

19. Defendant Waiaha Ridge's claims are barred by the doctrines of waiver and estoppel.

## Fifth Affirmative Defense

20. Defendant Waiaha Ridge's alleged damages, if any, were not proximately caused by any action or inaction of Plaintiff DSCO.

## Sixth Affirmative Defense

21.     Any damages suffered by Defendant Waiaha Ridge was caused, in whole or in part, by the actions of Defendant Waiaha Ridge and/or third parties and not by Plaintiff DSCO.

## Seventh Affirmative Defense

22.     Defendant Waiaha Ridge's right to recovery is barred, in whole or in part, to the extent it failed to mitigate its alleged damages.

## Eighth Affirmative Defense

23.     Defendant Waiaha Ridge's right to recovery is barred, in whole or in part, by accord and satisfaction.

## Ninth Affirmative Defense

24.     Plaintiff DSCO intends to rely upon any and all matters constituting an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure that are not incorporated herein.

**WHEREFORE,** Plaintiff DSCO prays that:

A.     The Counterclaim filed herein be dismissed with prejudice as to Plaintiff DSCO;

B.     Plaintiff DSCO be awarded attorneys' fees and costs incurred herein; and

C.	The Court grant such other and further relief as it deems just and

proper.

DATED: Honolulu, Hawaii, April 29, 2021.


/s/  Alika L. Piper
SIMON KLEVANSKY
ALIKA L. PIPER
ELAINE T. CHOW
Attorneys for Plaintiff and Counterclaim
Defendant DAVID SANSONE COMPANY,
INC.