BFL LAW

TERRI L. FUJIOKA-LILLEY, 9590
DAWN H. LAIRD, 6552
75-127 Lunapule Road, Ste. 8B
Kailua-Kona, HI 96740
Telephone: (808) 345-7662
terri@bfl.law
dawn@bfl.law

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DAVID SANSONE COMPANY, INC., a California corporation, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WAIAHA RIDGE LLC, a Hawaiʻi limited liability company, *et al.*,<br><br>Defendants. | Civ. No. 1:20-cv-00411-HG-RT<br><br>REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS, IN PART, PLAINTIFFS' FOURTH AMENDED COMPLAINT [ECF No. 67] FOR FAILURE TO STATE A CLAIM [ECF No. 81]<br><br>JUDGE: Hon. Helen Gillmor<br>MAGISTRATE JUDGE: Hon. Rom Trader<br>TRIAL: September 13, 2022, 9:00 a.m. (jury waived)<br>HEARING: January 5, 2022, 10:30 a.m. (via Zoom) |

## TABLE OF CONTENTS

Factual Background ........................................................................................................... 1

Legal Argument ................................................................................................................ 1

   A.  Plaintiffs' Theories of Non-Fiduciary Liability for Count IV Were Not Pled in the 4AC. ............................................................................................................ 1

   B.  Plaintiffs' Post-Pleading Arguments Cannot Salvage Fiduciary Duty Claims Against the Non-Fiduciaries. ........................................................................... 5

      1.  The Opposition Brief Fails to Identify a Plausible Basis for Civil Conspiracy. ........................................................................................................ 5

      2.  The Opposition Brief Fails to Identify a Plausible Basis to Impose Alter Ego Liability. ........................................................................................................... 7

      3.  The Opposition Brief Seeks *Reverse* Piercing the Corporate Veil Without the Safeguards Imposed in Jurisdictions That Permit It. ...................................... 10

   C.  Plaintiffs Opposition Fails to Identify Allegations in the 4AC That Specify the Nature of the Competition or Causation as to Count VI. ..................................... 12

Conclusion ...................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Acree v. McMahan*,
   585 S.E.2d 873 (Ga. 2003)..........................................................................................10, 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ....................................... 2, 6, 8

*Calipjo v. Purdy*,
   144 Haw. 266, 439 P.3d 218 (2019) ..............................................................................7, 8

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   80 Cal. Rptr. 2d 329 (Cal. App. 1998) ............................................................................. 6

*Conley v. Gibson*,
   355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ....................................................2, 9, 13

*Cruz v. Kaumana Drive Partners, LLC*,
   No. CV 19-00255 JMS-KJM, 2020 WL 7698820 (D. Haw. Apr. 2, 2020) ................. 8

*Davis v. Four Seasons Hotel Ltd.*,
   122 Haw. 423, 228 P.3d 303 (2010) ............................................................................. 14

*Estate of Daily v. Lilipuna Associates*,
   81 F.3d 167 (9th Cir. 1996).......................................................................................... 10

*Evanston Ins. Co. v. Luko*,
   7 Haw. App. 520, 783 P.2d 293 (1989)......................................................................... 9

*Gurrobat v. HTH Corp.*,
   133 Haw. 1, 323 P.3d 792 (2014) .........................................................................13, 14

*Kyne v. Ritz-Carlton Hotel Co., L.L.C.*,
   835 F. Supp. 2d 914 (D. Haw. 2011)........................................................................... 13

*Manichaean Capital, LLC v. Exela Technologies, Inc.*,
   251 A.3d 694 (Del. Ch. 2021) ..................................................................................... 10

*Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., Inc.*,
   91 Haw. 224, 982 P.2d 853 (1999) ...................................................................... passim

*Ulrich v. Sec. Inv. Co.*,
   35 Haw. 158 (1939)......................................................................................................... 5

*Weinberg v. Mauch*,
   78 Haw. 40, 890 P.2d 277 (1995) ................................................................................. 3

## Other Authorities

Kemper, Kurtis A., Annotation, *Acceptance and Application of Reverse Veil-Piercing—Third-Party Claimant*, 2 A.L.R.6th 195, § 5 (originally published 2005; updated 2021) .................................................................................................. 10, 11

## Rules

Fed. R. Civ. Proc. 8 ............................................................................................... 2, 4, 8

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS, IN PART, PLAINTIFFS' FOURTH AMENDED COMPLAINT [ECF No. 67] FOR FAILURE TO STATE A CLAIM [ECF No. 81]

---

Defendants WAIAHA RIDGE, LLC; DANIEL B. BOLTON; JANET T. BOLTON; THE KONA COFFEE & TEA COMPANY, INC.; AND BOLTON, INC. submit this Reply Brief in support of their Motion to Dismiss, in Part, Plaintiffs' Fourth Amended Complaint [ECF No. 67] for Failure to State a Claim [ECF No. 81] (the "Motion").

## FACTUAL BACKGROUND

The relevant facts are stated in Defendants' Memorandum of Law in support of Motion to Dismiss, in Part, Plaintiffs' Fourth Amended Complaint [ECF No. 67] for Failure to State a Claim [ECF 81-1] ("Mem. of Law") at pages 1-2.

## LEGAL ARGUMENT

### A. Plaintiffs' Theories of Non-Fiduciary Liability for Count IV Were Not Pled in the 4AC.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

1

\* \* \*

> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [a necessary element] reflects the threshold requirement of Rule 8(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–57, 127 S. Ct. 1955, 1964–66, 167 L. Ed. 2d 929 (2007) (original citations, elisions, and other modifications omitted; elision and modification in the quoted material are added); *see also* Fed. R. Civ. Proc. 8(a)(2). Moreover, the allegations of the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d 929.

The Fourth Amended Complaint [ECF No. 67] [hereinafter 4AC] purports to bring a breach of fiduciary duty claim (Count IV) against The Kona Coffee & Tea Company, Inc. ("KCT"), Waiaha Ridge LLC ("Waiaha"), Bolton, Inc. (collectively the "Defendant Entities"), and Janet Bolton (together with the Defendant Entities, the "Non-Fiduciaries") but alleges that only Dan Bolton owed a fiduciary duty to Plaintiffs. (4AC, ¶ 116.) Defendants filed a motion to dismiss that count for failure

to allege a claim as against the Defendant Entities and Ms. Bolton. In opposition, Plaintiffs assert two theories of liability that were not pled in the 4AC: (1) Civil Conspiracy to Breach Fiduciary Duties (Pls.' Mem. in Opp'n to Defs.' Mot. to Dismiss, in Part, Pls.' Fourth Am. Compl. [ECF No. 67] for Failure to State a Claim [ECF No. 83], at 5-10 [hereinafter Opp'n Br.]); and (2) Alter-Ego Liability for Mr. Bolton's alleged breaches of fiduciary duty, (Opp'n Br. at 10-15) which depends upon the unpled, unbriefed, and highly unorthodox doctrine of *reverse piercing* of the corporate veil.

Plaintiffs attempt to explain their failure to make any effort to plead the elements of civil conspiracy in a footnote stating, "Hawaiʻi law does not recognize an independent cause of action for civil conspiracy." (Opp'n Br. at 8 n.2.) It is true that civil conspiracy *alone* is not actionable; there must also be an illegal or unlawful act that results from the conspiracy. *Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., Inc.*, 91 Haw. 224, 260, 982 P.2d 853, 889 (1999) [hereinafter *Robert's*]; *Weinberg v. Mauch*, 78 Haw. 40, 49, 890 P.2d 277, 286 (1995) (civil claim cannot be based on conspiracy alone but must involve a separate tort based on deceit). The requirement that a civil conspiracy must involve a separate illegal or unlawful

3

activity does not prevent pleading a conspiracy to commit, for example, breach of fiduciary duty, nor does it excuse compliance with Rule 8 of the Federal Rules of Civil Procedure to plausibly articulate a claim for relief.

The 4AC omits pleading a civil conspiracy to commit breach of fiduciary duty, or alter ego liability for breach of fiduciary duty. Plaintiffs rely upon conclusory allegations and recitations of legal principles that are vague and bereft of underlying facts upon which Plaintiffs' information and belief are predicated. (*E.g.*, Opp'n Br. at 8 (relying on 4AC, ¶ 21); *id.* at 11 (relying on 4AC, ¶ 18).) Moreover, Count IV, itself, enumerates actions allegedly taken by Mr. Bolton, never mentions KCT, and the mentions of Waiaha and Bolton, Inc. describe actions purportedly taken by Mr. Bolton that relate to those entities. (4AC, ¶ 118.)  The failure to plead civil conspiracy or alter ego liability deprives Defendants of fair notice regarding the nature and basis of Plaintiffs' claims—while the 4AC may be consistent[1] with these theories, it fails to plead them. Plaintiffs' arguments in their Opposition Brief cannot cure the defect.[2]

---

[1] *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966, 167 L. Ed. 2d 929.
[2] *See, e.g.*, *Assoc. Press v. All Headline News Corp.*, 608 F. Supp. 2d 454, 464 (S.D.N.Y. 2009) ("Conclusory assertions in a memorandum of law are not a substitute for plausible allegations in a complaint.").

Accordingly, Count IV for Breach of Fiduciary Duty should be dismissed as to all Non-Fiduciaries.

### B. Plaintiffs' Post-Pleading Arguments Cannot Salvage Fiduciary Duty Claims Against the Non-Fiduciaries.

#### 1. The Opposition Brief Fails to Identify a Plausible Basis for Civil Conspiracy.

Had Plaintiffs pled a civil conspiracy, Count IV should still be dismissed against the Non-Fiduciaries. Plaintiffs rely on *Robert's* for the definition of a civil conspiracy under Hawai'i law. (Opp'n Br. at 7.) Yet *Robert's* demonstrates conclusively that it was impossible for Mr. Bolton to conspire with the Defendant Entities, which are alleged and strenuously argued to be his alter egos (4AC, ¶ 18; Opp'n Br. at 10-15). *Robert's*, 91 Haw. at 253, 982 P.2d at 882 (defendants and their alter egos could not "constitute a plurality of actors" for purposes of conspiracy); *see also Ulrich v. Sec. Inv. Co.*, 35 Haw. 158, 167 (1939) (impossible to conspire with an alter ego because "[a] man cannot conspire with himself").

Moreover, Mr. Bolton is alleged to be an equity member of Waiaha and an officer and director of Waiaha's manager, MGMT Corp., (¶¶ 11, 37); an officer and director of KCT (¶ 13); and an officer and director of Bolton, Inc. (¶ 16); and to have

controlled all of the Defendant Entities (e.g., ¶¶ 108, 109) and, therefore, could not conspire with any of them. *Robert's*, 91 Haw. at 253, 982 P.2d at 882 ("It is well recognized that an officer of a corporation cannot conspire with the corporation.").

*Robert's* recognized an exception that permits a finding of a conspiracy between corporate directors and officers and the entities they control where there is a divergence of interest between the officer/director and the entity, *Robert's*, 91 Haw. at 253, 982 P.2d at 882,[3] but that exception is inapplicable on the facts alleged. The 4AC alleges and Plaintiffs argue that the Defendant Entities exist solely for the benefit of Mr. Bolton, and are but "shells, instrumentalities, or conduits" for the wrongdoing alleged. (4AC, ¶ 18; Opp'n Br. at 11.) Accordingly, no allegation of a divergence of financial interest between Mr. Bolton and the Defendant Entities is

---

[3] In particular, a corporate officer or director acting in his own personal interest may be considered an independent actor who may conspire with the corporation. *Roberts*, 91 Haw. at 253, 982 P.2d at 882. However, the plaintiffs in *Roberts* were attempting to hold the officer or director liable for the company's wrongdoing. *Id.* at 240-46, 982 P.2d at 869-75; *see also City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 80 Cal. Rptr. 2d 329, 463-64 (Cal. App. 1998) (a third party may be liable for participating in a fiduciary's breach only where *the third party* acted for its own personal benefit)) Here, Plaintiffs seek to reverse-pierce the corporate veil to hold the Defendant Entities liable for Mr. Bolton's alleged fiduciary breaches, stating no benefit to them distinct from that to Mr. Bolton.

6

alleged. Absent a divergence of interest, conspiracy is impossible. For this reason too, Count IV for breach of fiduciary duty should be dismissed as against the Defendant Entities.

### 2. The Opposition Brief Fails to Identify a Plausible Basis to Impose Alter Ego Liability.

Even had the 4AC included the claim that the Defendant Entities[4] were named in Count IV as the "alter egos" of Mr. Bolton and, therefore, should be liable along with him for his purported fiduciary breaches, dismissal with prejudice remains appropriate. "Hawaii courts have been reluctant to disregard the corporate entity" and pierce the corporate veil[5] to permit an entity's creditors to collect from its owners." *Robert's*, 91 Haw. at 241 n.12, 982 P.2d at 870 n.12.

Merely asserting that an entity is the alter ego of one of its owners is inadequate to pierce the corporate veil; alter ego allegations must meet a two-part

---

[4] Alter ego theory and piercing (or reverse piercing) the corporate veil is simply inapplicable to impose Mr. Bolton's alleged fiduciary duties, or liability for alleged breaches of same, on Ms. Bolton, who is a natural person not a business entity.
[5] Piercing the corporate veil is a legal theory under which the separate corporate entity is disregarded and "a corporation and the individual or individuals owning all its stocks and assets will be treated as identical." 18 Am.Jur.2d Corporations § 43 at 841–42 (1985).

test. *Calipjo v. Purdy*, 144 Haw. 266, 277, 439 P.3d 218, 229 (2019). The owner and entity must be shown to have a "unity of interest" to the extent that "the individuality, or separateness, of such person and corporation has ceased." *Id.* Moreover, the party seeking to pierce the corporate veil must demonstrate how "an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice." *Id.*

Importantly, the Hawai'i Supreme Court has held that there is no injustice where the plaintiff can maintain its claim directly against the individual that is alleged to be the primary wrongdoer. *Robert's*, 91 Haw. at 246, 982 P.2d at 875; *see also Cruz v. Kaumana Drive Partners, LLC*, No. CV 19-00255 JMS-KJM, 2020 WL 7698820, at *3–4 (D. Haw. Apr. 2, 2020) (applying and quoting *Robert's* in dismissing inadequately pled alter ego claims because there was no injustice where the direct actors were named as defendants "for the same conduct, especially considering Hawaii courts' 'reluctan[ce] to disregard the corporate entity'").[6]

---

[6] Plaintiffs insist that alter ego claims should not be dismissed due to the inherent factual nature of the inquiry (Opp'n Br. at 15), but that applies only *after* Plaintiffs properly allege sufficient facts to raise a right to relief above the speculative level. Fed. R. Civ. Proc. 8; *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d 929.

In *Robert's*, it was established conclusively at trial that certain defendants were alter egos of other defendants—and that the alter egos were created for the nefarious purpose of evading anti-competitive bidding practices in government contract procurement. Yet, the Hawai'i Supreme Court held that piercing the corporate veil was improper because it was unnecessary—the parent companies were also defendants and already subject to liability for the proven wrongdoing. *Robert's*, 91 Haw. at 246, 982 P.2d at 875.

Here, Mr. Bolton is alleged to have been a fiduciary to Plaintiffs, and he is named as a defendant in Count IV. Neither Plaintiffs' 4AC nor their Opposition Brief identifies (or addresses) how it may be unjust to limit their claim for breach of fiduciary duty to the only defendant (Mr. Bolton) alleged to have been a fiduciary. Plaintiffs grumble that Mr. Bolton's and/or Waiaha Ridge's assets may be insufficient to pay the judgment they hope to win in this case (*e.g.*, 4AC, ¶ 79), but even accepting such speculation as true—which is not required in deciding a motion to dismiss pursuant to Rule 12(b)(6)—that would afford no basis whatsoever to go after assets

belonging to shareholders.[7] Under the reasoning in *Robert's*, breach of fiduciary duty claims against the Defendant Entities should be dismissed with prejudice. Repleading cannot change the fact that Plaintiffs are not prejudiced by limiting their fiduciary duty claim to seeking relief from the alleged fiduciary.

### 3. The Opposition Brief Seeks *Reverse* Piercing the Corporate Veil Without the Safeguards Imposed in Jurisdictions That Permit It.

Plaintiffs are not seeking garden-variety veil piercing, itself disfavored in Hawaiʻi; they are seeking to impose *reverse piercing*, which Hawaiʻi, like many states, has never approved.[8]

Reverse veil piercing imposes liability on an entity for the torts of an owner. *Manichaean Capital, LLC v. Exela Technologies, Inc.*, 251 A.3d 694, 710 (Del. Ch. 2021). It is widely disfavored and applied sparingly because it implicates the rights

---

[7] Indeed, the 4AC fails even to allege that Mr. Bolton is a shareholder of KCT or of Bolton, Inc. *See, e.g.*, *Evanston Ins. Co. v. Luko*, 7 Haw. App. 520, 525, 783 P.2d 293, 297 (1989) (cannot pierce corporate veil to reach assets of non-shareholders).

[8] *See*, Kemper, Kurtis A., Annotation, *Acceptance and Application of Reverse Veil-Piercing—Third-Party Claimant*, 2 A.L.R.6th 195, § 5 (originally published 2005; updated 2021). (noting that Hawaiʻi has not addressed reverse piercing and summarizing *Estate of Daily v. Lilipuna Associates*, 81 F.3d 167 (9th Cir. 1996) in which the 9th Circuit agreed with the District Court that Hawaiʻi was unlikely to permit a reverse-piercing claim where third-party interests could not be protected).

of third parties (non-party owners and creditors of the entity). *See, e.g.*, *Acree v. McMahan*, 585 S.E.2d 873, 874 (Ga. 2003) (rejecting reverse piercing which harms "non-culpable third-party shareholders" and other "corporate creditors"). In part because of this risk, and because ordinary collection procedures on judgments should render reverse piercing unnecessary in all but the most unusual of circumstances, Federal Courts ordinarily will not permit corporate outsiders to reverse pierce the corporate veil to reach the company's assets where the alleged wrongdoing was undertaken by a controlling shareholder unless state law clearly provides for reverse piercing. *See, e.g.*, Kemper, 2 A.L.R.6th 195, § 3 & n.12 (noting "federal courts give deference to state jurisprudence when faced with reverse veil-piercing claims and, in a number of cases, have declined to allow a third party to employ the concept in the absence of a clear statement from the state's appellate courts recognizing the availability of reverse piercing" and citing multiple examples).

Here, Hawaiʻi Courts have not approved reverse piercing, the 4AC fails to include a claim or allegations regarding reverse piercing, and even Plaintiffs' Opposition Brief sidesteps the issue. Any and all theories of liability that require or depend upon reverse piercing to impose liability on the Defendant Entities should

11

be rejected and Count IV (Breach of Fiduciary Duty) should be dismissed with prejudice as to each of them.

### C. Plaintiffs Opposition Fails to Identify Allegations in the 4AC That Specify the Nature of the Competition or Causation as to Count VI.

The legal standards at issue are detailed in Defendants' Memorandum in support of this Motion. (Mem. of Law at 6-8, 11 n.1, 13-15, 16.) That Memorandum explained that the allegations in the 4AC did not and could not implicate any effect—much less harm—to competition among Hawai'i real estate developers. (*Id.*) Plaintiffs Opposition merely confirms that assessment. As in the 4AC, Plaintiffs' Opposition recites actions it characterizes as contemptible in one way or another:

- Obtaining Plaintiffs' funds through false representations;
- Directing Plaintiffs to pay their capital investments to one of the Defendant Entities;
- Using the sale of Waiaha property to pay "interest" on Plaintiffs' funds;
- Holding title in a fashion that denied Plaintiffs any ownership interest;
- Overcharging for work performed by Bolton, Inc.;
- Incurring debts that impaired the Waiaha property and then acting to protect Plaintiffs' interest in the Waiaha property by granting Plaintiffs a mortgage;
- Refusing to pay interest in what Plaintiffs now claim were loans; and
- Granting a mortgage to protect their own interest in the Waiaha property when Defendant David Sansone began planning to prevent Mr. Bolton from receiving any return on his own investment—or even the return of his own capital.

(Opp'n Br. at 16-17.) It is crystal clear that none of those actions—involving less than

12

$3 million over a more than ten-year period—could have had any significant effect on real estate development in the state.

Instead, Plaintiffs rely on the theory that any economic advantage by one market participant, however slight, is adequate to state an injury to competition. That is not the law, economic advantage to a single market participant, alone, is insufficient to establish injury to competition. *See, e.g.*, *Kyne v. Ritz-Carlton Hotel Co., L.L.C.*, 835 F. Supp. 2d 914, 930-31 (D. Haw. 2011). *Gurrobat* is not to the contrary; in that case, the plaintiffs amended their complaint to include allegations of the injury to competition in the food and beverage industry where the defendant hotels charged a service fee or gratuity that was not passed along in full to the servers as tips without disclosing that information to customers. *Gurrobat v. HTH Corp.*, 133 Haw. 1, 4-5, 323 P.3d 792, 795-96 (2014). That practice was illegal under Hawai'i law. *Id.*, 133 Haw. at 5, 323 P.3d at 796. It was alleged that this practice permitted the non-compliant hotels to offer lower base prices for restaurant and banquet services to customers; that, in turn, afforded the non-compliant hotels an unfair competitive advantage over hotels who had to charge higher base rates for restaurant and banquet services because they followed the law by paying mandatory gratuities to

13

the servers in tips. *Id.* This would result in unfair competition because, for example, all else being equal, event planners would be more likely to select the hotel with lower priced banquet services. *See id.* at 22, 323 P.3d at 813. Alleging reduced costs, alone, was not sufficient—the *Gurrobat* court noted that allegations based on the same alleged wrongdoing in *Davis v. Four Seasons Hotel Ltd.*, 122 Haw. 423, 228 P.3d 303 (2010)[9] had been insufficient because no negative effect on competition had been alleged. *Gurrobat*, 133 Haw. at 21-22, 323 P.3d at 812-13.

Here, there are allegations that Defendants inflicted injury only on Plaintiffs. The 4AC does assert that "Defendants are able to finance their projects for less than honest businesses" and that use of Sansone's funds without paying interest gives Defendants "an unfair advantage relative to, among other things, obtaining capital for future projects." (4AC, ¶ 136.) But that falls far short of the pleading in *Gurrobat*, which included allegations of how the alleged wrongdoing affected price competition between compliant and noncompliant hotels; how consumer decisions

---

[9] In *Davis*, the plaintiffs acknowledged that they were unable to plead an injury to competition and defendant's motion for summary judgment was granted. *Davis*, 2011 WL 5025521, at *4.

14

were influenced unfairly by the alleged wrongdoing which gave the noncompliant hotels an unfair advantage in attracting customers. Here, the only allegations regarding sales of Waiaha properties relate to what part of the income was received by Plaintiffs. (4AC, ¶¶ 77-79.) Nor does the 4AC explain how lower financing costs by one small developer could affect property values—because it simply cannot.

Accordingly, Count VI (Unfair Competition) should be dismissed for failure to allege any injury to competition or how Plaintiffs' injury flows from unpled competitive harm.

## CONCLUSION

Defendants request that this Honorable Court DISMISS with prejudice Count IV of the 4AC for failure to state a claim against Defendants Waiaha Ridge LLC; Janet Bolton; Kona Coffee & Tea Company, Inc.; and Bolton, Inc.; and DISMISS with prejudice Count VI of the 4AC for failure to state a claim against all Defendants.

DATED: Kailua-Kona, Hawai'i, December 1, 2021.

/s/ Terri L. Fujioka-Lilley
TERRI L. FUJIOKA-LILLEY
DAWN H. LAIRD
BFL Law
*Attorneys for Defendants*