IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID SANSONE COMPANY, INC.; ) <br> DAVID SANSONE; SANSONE COMPANY ) <br> INC.; LOS PADRES CONSTRUCTION, ) <br> INC.; AVILA PROPERTIES, LLC;   ) <br> SANSONE REAL ESTATE          ) <br> INVESTMENTS, LLC,             ) <br>                               ) <br>            Plaintiffs,        ) <br>                               ) <br>       vs.                    ) <br>                               ) <br> WAIAHA RIDGE LLC; DANIEL B.   ) <br> BOLTON; JANET T. BOLTON; THE  ) <br> KONA COFFEE & TEA COMPANY,    ) <br> INC.; BOLTON, INC.; JOHN DOES ) <br> 1-50; JANE DOES 1-50; DOE     ) <br> CORPORATIONS 1-50; DOE        ) <br> PARTNERSHIPS 1-50; DOE ENTITIES) <br> 1-50,                         ) <br>                               ) <br>            Defendants.        ) <br> _____ ) | Civ. No. 20-00411 HG-RT |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' BREACH OF FIDUCIARY DUTY AND CONSPIRACY CLAIMS
AND
GRANTING DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' UNFAIR METHODS OF COMPETITION CLAIM**

On September 16, 2021, Plaintiffs David Sansone Company, Inc., David Sansone, Sansone Company, Inc., Los Padres Construction, Inc., Avila Properties, LLC, and Sansone Real Estate Investments, LLC ("Plaintiffs") filed a Fourth Amended Complaint.  The Fourth Amended Complaint asserts claims arising out of an agreement to acquire and develop real estate on the island of Hawaii.

On October 22, 2021, Defendants Waiaha Ridge LLC, Daniel B.

Bolton, Janet T. Bolton, The Kona Coffee & Tea Company, Inc., and Bolton, Inc. ("Defendants") filed a partial Motion to Dismiss. Defendants move to dismiss Count IV, the breach of fiduciary duty claim against all Defendants except Daniel Bolton, and Count VI, the unfair methods of competition claim against all Defendants. Defendants also assert that Plaintiffs have failed to plead a claim for civil conspiracy.

Defendants' Motion to Dismiss (ECF No. 81) is **GRANTED, IN PART, AND DENIED, IN PART.**

## PROCEDURAL HISTORY

 On September 16, 2021, Plaintiffs filed their Fourth Amended Complaint.  (ECF No. 67).

On October 22, 2021, Defendants filed a MOTION TO DISMISS, IN PART, PLAINTIFFS' FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM.  (ECF No. 81).

On November 10, 2021, Plaintiffs filed an OPPOSITION TO DEFENDANTS' MOTION TO DISMISS.  (ECF No. 83).

On December 1, 2021, Defendants filed their Reply in support of their Motion to Dismiss.  (ECF No. 86).

On January 5, 2022, the Court held a hearing on Defendants' partial Motion to Dismiss.  (ECF No. 88).

## BACKGROUND

**The Complaint alleges:**

In April 2006, Defendant Daniel Bolton ("Bolton") and Plaintiff David Sansone ("Sansone") entered into a joint business venture to acquire and develop real estate on the island of Hawaii.  The Parties refer to the property as Waiaha Ridge. (Compl. at ¶¶ 45-47, ECF No. 67).  Plaintiff Sansone alleges he agreed to the joint venture based on Defendant Bolton's representation that it would be a "50/50 partnership," each partner contributing half of the funds necessary to purchase and develop the property.  (Id. at ¶¶ 46, 52).  The venture was to be documented by the formation of an LLC in which the two partners would own equal shares. (Id.)

Plaintiffs allegedly advanced millions of dollars to Defendants from 2006 up until 2010, as the property was purchased and developed.  (Id. at ¶ 48).

Plaintiff alleges that some of the funds were used improperly for activities outside the scope of the venture. Plaintiffs claim that Defendant Bolton used a portion of the funds to pay debt and purchase property unconnected to the joint venture.  (Id. at ¶¶ 48, 109).

Further allegations include:

Defendant Bolton acquired the Waiaha Ridge property, but refused to document the Parties' relationship as originally proposed.  (Id. at ¶¶ 59-61).  The title to the acquired property

3

is held by Defendant Waiaha Ridge LLC, an entity controlled and owned by Defendants Daniel and Janet Bolton ("the Boltons"). (Id. at ¶¶ 11, 53).  Plaintiff Sansone is not a member of Waiaha Ridge LLC.  (Id. at ¶ 53).

Defendants are said to be mishandling the development, sale, and use of the proceeds from the sale of subdivided portions of the property.  (Id. at ¶¶ 77-79, 110).  Plaintiffs allege they were overcharged by Defendant Bolton, Inc. for development work performed on the property.  (Id. at ¶ 134).

Plaintiffs allege the sale of the remaining portions of the property will generate insufficient funds to repay their contribution and appropriate interest.  (Id. at ¶ 79).

The Complaint states that in September 2020, in anticipation of litigation, the Boltons caused Waiaha Ridge LLC to mortgage the property in order to have the Boltons' interests in the property ahead of Plaintiffs and any other creditors.  (Id. at ¶¶ 89-96, 154, 183).

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion

4

to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  <u>Id.</u> at 699.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  <u>Id.</u> (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  <u>AE ex rel. Hernandez v. Cnty of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (quotations omitted).

## <u>ANALYSIS</u>

### I.   Defendants' Motion to Dismiss Count IV For Breach of a Fiduciary Duty

Count IV of the Complaint asserts a breach of fiduciary duty

5

claim against all Defendants.  (Compl. ¶¶ 115-20, ECF No. 67).

Plaintiffs allege that Defendant Daniel Bolton owed them a

fiduciary duty; that he breached that duty "with the complicity

of" Defendants Waiaha Ridge LLC, Kona Coffee & Tea Company, Inc.,

Bolton, Inc., and Janet Bolton; and that Plaintiffs suffered

damages.  (Id.)

Defendants argue that Plaintiffs' breach of fiduciary duty

claim against Defendants Waiaha Ridge LLC, Kona Coffee & Tea

Company, Inc., Bolton, Inc., and Janet Bolton should be dismissed

because Plaintiffs have only alleged that Defendant Daniel Bolton

owed a fiduciary duty.  (Defs.' Mot. at 5-6, ECF No. 81).

## A.   Defendant Daniel Bolton ("Bolton")

In order to state a breach of fiduciary duty claim, a

plaintiff must plausibly allege:

    (1) the existence of a fiduciary duty;

    (2) a breach of the fiduciary duty; and

    (3) resulting damage.

Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003, 407

F. Supp. 3d 1016, 1048 (D. Haw. 2019).

Defendant Bolton's fiduciary duty is alleged to arise from

his role as a partner in the Parties' joint venture.  (Compl. ¶

116).  Plaintiffs claim that Defendant Bolton breached his duty

by denying Plaintiffs an ownership interest in the property;

misusing funds contributed by Plaintiffs; failing to pay interest

on Plaintiffs' monetary contribution; and intentionally mortgaging the property to shield its remaining value from Plaintiffs. (Id. at ¶ 118). Plaintiffs claim they suffered damages. (Id. at ¶ 119).

The first element of Plaintiffs' claim -- the existence of a fiduciary duty -- depends on the allegation of the existence of a joint venture.

The rules governing partnerships are generally applicable to joint ventures. Shinn v. Edwin Yee, Ltd., 553 P.2d 733, 736 (Haw. 1976); see also Lau v. Valu-Bilt Homes, Ltd., 582 P.2d 195, 200 (Haw. 1978).

Under Hawaii law "the association of two or more persons to carry on as co-owners a business for profit forms a partnership." Mroz v. Hoaloha Na Eha, Inc., 410 F. Supp. 2d 919, 932 (D. Haw. 2005) (citing Hawaii Revised States § 425-109). An agreement between partners to form such an arrangement may be written, oral, or implied. Id. (quoting Hawaii Revised States § 425-101). A partnership may be found to exist in the absence of any formal contract. Id. Whether an agreement creates a partnership depends on the parties' intentions. Id. An agreement to co-own a business and share in its profits and losses is evidence of a partnership. Id. (citing Buffandeau v. Shin, 587 P.2d 1236, 1237 (Haw. 1978)).

Defendant Bolton and Plaintiff David Sansone are alleged to have entered into an agreement to be co-owners of a business, the

goal of which was to acquire and develop property.  (Compl. ¶¶
45-47, ECF No. 67).  The business was to be a "50/50 partnership"
in which each partner would contribute half of the funds
necessary to acquire the property.  (Id. at ¶¶ 46, 52).  The
Parties anticipated they would share in the business's profits.
(Id. at ¶ 47).  The language of the Complaint alleges the
formation of a joint venture or partnership.

Partners in a joint venture owe a fiduciary duty of loyalty
and care to one another and to the partnership.  Hawaii Revised
Statutes § 425-123(a); see also Swan v. Tanjuakio, Civ. No.
21-00052 JMS-KJM, 2021 WL 1794756, at *6 (D. Haw. May 5, 2021).

Under Hawaii statutory law, a partner's duty of loyalty
involves the following responsibilities:

> (1) To account to the partnership and hold as trustee
> for it any property, profit, or benefit derived by the
> partner in the conduct and winding up of the
> partnership business or derived from a use by the
> partner of partnership property, including the
> appropriation of a partnership opportunity;
>
> (2) To refrain from dealing with the partnership in the
> conduct or winding up of the partnership business as or
> on behalf of a party having an interest adverse to the
> partnership; and
>
> (3) To refrain from competing with the partnership in
> the conduct of the partnership business before the
> dissolution of the partnership.

Hawaii Revised Statutes § 425-123(b).

The duty of care requires partners to "refrain[] from
engaging in grossly negligent or reckless conduct, intentional
misconduct, or a knowing violation of law."  Id. at § 425-123(c).

A partner shall also "discharge the duties to the partnership and the other partners . . . and exercise any rights consistently with the obligation of good faith and fair dealing."  Id. at §425-123(d).

The Complaint adequately alleges the existence of a joint venture and that Defendant Bolton owed Plaintiffs the fiduciary duty belonging to a partner in such a venture.

The Complaint also alleges the second element of the breach of fiduciary duty claim against Defendant Bolton.  Plaintiffs' claims regarding Defendant Bolton's denial of Plaintiffs' ownership interest in the property, misuse of funds, failure to pay interest, and attempt to shield the property's remaining value from Plaintiffs, are sufficient to support the claim that Defendant Bolton breached his fiduciary duty to the partnership.

The third element, damages, is sufficiently alleged to withstand a motion to dismiss.

Defendants' Motion to Dismiss (ECF No. 81) as to Count IV for breach of fiduciary duty against Defendant Bolton is **DENIED.**

**B.   Aiding and Abetting a Breach of Fiduciary Duty As To Janet Bolton, Waiaha Ridge LLC, Kona Coffee & Tea Company, Inc., and Bolton, Inc.**

Defendants argue that Janet Bolton and the entities Waiaha Ridge LLC, Kona Coffee & Tea Company, Inc., and Bolton, Inc. (the "Defendant Entities") cannot be liable for a breach of fiduciary duty because they are not alleged to have owed Plaintiffs a

fiduciary duty.  (Defs.' Mot. at pp. 4-6, ECF No. 81).

Plaintiffs acknowledge that the Complaint does not allege
that Janet Bolton or the Defendant Entities owed a fiduciary duty
to Plaintiffs.  (Pls.' Opp'n at 4-5, ECF No. 83).  Plaintiffs
argue that Janet Bolton and the Defendant Entities are liable for
Defendant Bolton's alleged breach of fiduciary duty for having
knowingly participated, conspired, cooperated, or complied in
Defendant Bolton's breach.  (Compl. at ¶¶ 21, 120, ECF No. 67).

Hawaii law recognizes liability for non-fiduciaries who
engage in concerted action to breach another's fiduciary duty.
In Television Events & Marketing, Inc. v. Amcon Distributing Co.,
488 F. Supp. 2d 1071, 1075-78 (D. Haw. 2006), the Court concluded
that Hawaii law permits liability against a non-fiduciary under
an aiding and abetting theory for substantially or intentionally
"assisting" or "colluding" in a fiduciary's breach of duty.  See
also Combs v. Case Bigelow & Lombardi, 222 P.3d 465 (Haw. App.
2010) (acknowledging that a non-fiduciary can be liable for
"participation" in a breach of fiduciary duty).

Later Federal District Court decisions have relied on the
central conclusion of Television Events & Marketing, Inc.,
finding that Hawaii law permits liability under the aiding and
abetting theory.  See, e.g., Stanton v. Bank of Am., N.A., Civ.
No. 09-00404 DAE-LEK, 2010 WL 4176375, at *18 (D. Haw. Oct. 19,
2010) (concluding that the weight of authority supports "a cause
of action for civil aiding and abetting an intentional tort under

10

Hawaii law"); <u>Molina v. OneWest Bank, FSH</u>, 903 F. Supp. 2d 1008, 1021 (D. Haw. 2012).

### 1.    Elements of an Aiding and Abetting Claim

The Federal District Courts in Hawaii that have considered the aiding and abetting theory rely principally on the Restatement (Second) of Torts § 876 and look to interpretations of the Restatement provided by California courts.  <u>See</u> <u>Television Events & Mktg., Inc.</u>, 488 F. Supp. 2d at 1075-78; <u>Stanton</u>, 2010 WL 4176375, at *13-*18.

A claim against a non-fiduciary for aiding and abetting a breach of fiduciary duty requires that the non-fiduciary:

    (1) know that the other's conduct constitutes a breach of a duty, and

    (2) give substantial assistance or encouragement to the other to so act.

<u>See</u> Restatement (Second) of Torts § 876(b); <u>Neilson v. Union Bank of California, N.A.</u>, 290 F. Supp. 2d 1101, 1118 (C.D. Cal. 2003). The knowledge element requires allegations of actual knowledge. <u>Stanton</u>, 2010 WL 4176375, at *16.

### 2.    Janet Bolton and the Defendant Entities

Here, Plaintiffs have alleged sufficient facts to proceed with a claim against Janet Bolton and the Defendant Entities for aiding and abetting Defendant Bolton's breach of fiduciary duty.

First, Janet Bolton and the Defendant Entities are each alleged to have "knowingly participated" in Defendant Bolton's scheme to breach his fiduciary duty.  (Compl. at ¶ 21, ECF No. 67).

Second, the Complaint alleges that Janet Bolton and each of the Defendant Entities provided substantial assistance to Defendant Bolton's breach, resulting in significant personal and financial advantage:

Defendant Waiaha Ridge LLC is alleged to have taken title to the property.  (Id. at ¶ 53).  Waiaha Ridge LLC allegedly benefitted from the scheme by virtue of owning the property to the exclusion of Plaintiffs, who claim they contributed half of the funds to purchase the property.  (Id.)  Waiaha Ridge LLC is alleged to have mortgaged the property to shield the property from Plaintiffs.  (Id. at ¶¶ 89, 154).

Defendant Kona Coffee & Tea Company, Inc. ("Kona") is alleged to have engaged in transactions with Plaintiffs that allegedly resulted in the transfer of $2,073,486 to Defendant Kona under the pretense that the funds would be used toward the joint venture.  (Id. at ¶¶ 48(B), 48(C)).  The funds were allegedly later misused by Defendants, including to pay off Kona's debts unrelated to the venture.  (Id. at ¶ 109).

Defendant Bolton, Inc. is claimed to have charged Plaintiffs inflated costs in the amount of $131,513.53 for development work. (Id. at ¶ 48(E), 109(D)).

Defendant Janet Bolton and her husband, Daniel Bolton, are alleged to have caused Waiaha Ridge LLC to grant them a mortgage on the property in the amount of $1,487,828.  (Id. at ¶¶ 89, 154).  According to Plaintiffs, the mortgage was allegedly obtained for the purpose of placing the Boltons' interest in the property ahead of Plaintiffs' interest.

Plaintiffs may proceed with a claim of aiding and abetting a breach of fiduciary duty by Defendants Janet Bolton, Waiaha Ridge LLC, Kona Coffee & Tea Company, Inc., and Bolton, Inc.

### 3. Civil Conspiracy As A Basis For Aiding And Abetting Breach Of Fiduciary Duty

Defendants argue that the Complaint fails to adequately allege any basis for a civil conspiracy.  (Defs.' Reply at pp. 5-7, ECF No. 86).  Defendants also contend that Plaintiffs' breach of fiduciary duty claim cannot proceed against Janet Bolton and the Defendant Entities pursuant to a civil conspiracy.

### a. Elements of a Civil Conspiracy Claim

Federal District Courts in the District of Hawaii have interpreted Hawaii case law on civil conspiracy as requiring a plaintiff to allege three elements:

(1) the formation of a conspiracy;

(2) wrongful conduct in furtherance of the conspiracy, i.e., an actionable claim based upon deceit; and

(3) damage.

Pro Flexx LLC v. Yoshida, Civ No. 20-00512 SOM-KJM, 2021 WL 297126, at *9 (D. Haw. Jan. 28, 2021) (noting that a civil conspiracy claim is not necessarily restricted to circumstances involving deceit or fraud).

A plaintiff is not required to allege a formal agreement between the parties in order to show the formation of a conspiracy.  Stanton, 2010 WL 4176375, at *18.  It is sufficient for a plaintiff to allege facts showing a "concert of action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose."  Id. (quoting Marino v. United States, 91 F.2d 691, 694 (9th Cir.1937)).

A civil conspiracy is not an independent cause of action in itself.  Weinberg v. Mauch, 890 P.2d 277, 286 (1995).  It is not enough for a plaintiff to allege that defendants understandingly engaged in concerted misconduct to accomplish a common purpose. The wrongful conduct in furtherance of a civil conspiracy must be based on an underlying actionable claim.  Id.

### b.    Fraudulent Transfer as an Underlying Claim

Plaintiffs have articulated a valid civil conspiracy claim based on the underlying claim of fraudulent transfer.

It is undisputed that Plaintiffs' Complaint alleges several fraudulent transfer claims against Defendants Daniel Bolton, Janet Bolton, and Waiaha Ridge LLC.

Fraudulent transfer may serve as the basis for a civil conspiracy claim.  <u>Valvanis v. Milgroom</u>, 529 F. Supp. 2d 1190, 1203 (D. Haw. 2007) (holding that plaintiffs' fraudulent transfer claim could serve as the underlying actionable tort for their conspiracy claim); <u>Schmidt v. Fid. Nat'l Title Ins. Co.</u>, Civ No. 07-00356 HG-LEK, 2009 WL 10676787, at *9 (D. Haw. Sept. 30, 2009).

Plaintiffs have adequately pled the three elements of a conspiracy claim against the Boltons and Waiaha Ridge LLC to commit fraudulent transfer:

<u>First</u>, Plaintiffs have alleged the formation of a conspiracy by describing a pattern of understanding and concerted action between the Boltons and Waiaha Ridge LLC to accomplish a common purpose.  Plaintiffs allege that the Boltons and Waiaha Ridge LLC knowingly "conspired" to accomplish the common goal of shielding the property's value from Plaintiffs.  (Compl. at ¶¶ 21, 89-96, 139-155, ECF No. 67).

<u>Second</u>, Plaintiffs have alleged that the Boltons and Waiaha Ridge LLC each engaged in wrongful conduct in furtherance of the plan to commit fraudulent transfer.  Plaintiffs allege that the Boltons caused Waiaha Ridge LLC to mortgage the property.  (<u>Id.</u> at ¶ 89).  The allegation is that the mortgage took the form of a secured loan from Waiaha Ridge LLC to the Boltons in the amount of $1,487,828.  (<u>Id.</u> at ¶ 90).  Waiaha Ridge LLC is said to have mortgaged the property in favor of the Boltons without receiving

15

valid consideration.  (Id. at ¶¶ 149, 179).  Plaintiffs claim the property was mortgaged for the purpose of putting Defendants' interests in the property ahead of Plaintiffs or any other creditors.  (Id. at ¶¶ 93-96, 154, 183).

Third, Plaintiffs have sufficiently alleged damages to withstand a motion to dismiss.

Defendants argue that Waiaha Ridge LLC cannot have conspired with the Boltons because corporate directors cannot conspire with the entities they control.  (Defs.' Reply at p. 6, ECF No. 86).  Defendants' argument is unavailing.  Although the Boltons are alleged to be equity members of Waiaha Ridge LLC, they may nevertheless have conspired with the LLC.  A corporate director acting for his own personal purposes may conspire with a corporation.  Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transp. Co., 982 P.2d 853, 882 (Haw. 1999).  Here, the Boltons are alleged to have acted out of personal interest.

Plaintiffs' fraudulent transfer claims may serve as the basis for a civil conspiracy claim involving the Boltons and Waiaha Ridge LLC.

### c.  Breach of a Fiduciary Duty as an Underlying Claim

Plaintiffs contend that Defendant Bolton's alleged breach of fiduciary duty may serve as the underlying claim for a conspiracy involving Janet Bolton and the Defendant Entities.  (Pls.' Opp'n at pp. 5-10, ECF No. 83).

16

Hawaii case law does not provide a clear answer as to whether a plaintiff can sustain a conspiracy claim against a non-fiduciary for a breach of fiduciary duty.

It is not necessary to resolve the question of whether a plaintiff can sustain a claim for conspiracy to breach a fiduciary duty against a non-fiduciary under Hawaii law.

Plaintiffs are able to proceed with a claim for aiding and abetting a breach of fiduciary duty against Janet Bolton and the Defendant Entities based on the same facts.

### 4.  Alter Ego Liability As Basis For Aiding And Abetting Breach of Fiduciary Duty Claim

As an alternate theory of liability, Plaintiffs argue that Janet Bolton[1] and the Defendant Entities are liable for the alleged breach of fiduciary duty as a result of their status as Defendant Bolton's alter egos.  (Id. at pp. 10-15).

Pursuant to Hawaii law, the alter ego doctrine allows courts to "look past a corporation's formal existence to hold shareholders or other controlling individuals liable for 'corporate' obligations" when the "corporation is the mere instrumentality or business conduit of another corporation or person."  Robert's, 982 P.2d at 869-70.

To state a claim pursuant to alter ego theory, a plaintiff must allege that:

---

[1] Defendant Janet Bolton, as a natural person, cannot be an alter ego of Defendant Daniel Bolton.

17

      (1)   the corporation is not only influenced and governed by a particular person, but that there is such a unity of interest that the individuality or separateness between the person and corporation has ceased; and

      (2)   that to adhere to the fiction of corporate separateness would, under the circumstances, sanction fraud or promote injustice.

Id. at 871; Lewis v. Lewis Elec. LLC, Civ. No. 19-00527-DKW-KJM, 2020 WL 1694770, at *4 (D. Haw. Apr. 7, 2020).

"The standard for piercing the veil of an LLC is at least as stringent as that for piercing the veil of a corporation." Adwalls Media, LLC v. Adwalls, LLC, Civ. No. 12-00614 SOM-BMK, 2013 WL 4482501, *4 (D. Haw. Aug. 20, 2013) (citing Haw. Rev. Stat. § 428-303(b)).

Plaintiffs do not seek to rely on the traditional alter ego analysis.  They seek to impose "reverse" alter ego liability by subjecting the Defendant Entities to liability as a result of Defendant Bolton's alleged misconduct.

Plaintiffs' breach of fiduciary duty claim against Janet Bolton and the Defendant Entities survives dismissal on the basis of the aiding and abetting theory.  Plaintiffs' alternate theory of liability may be viable with respect to the Defendant Entities.  Plaintiffs are free to argue alternate theories of liability at this stage of the proceedings.

Defendants' Motion to Dismiss (ECF No. 81) as to Count IV for breach of fiduciary duty against Janet Bolton, Waiaha Ridge LLC, Kona Coffee & Tea Company, Inc., and Bolton, Inc. is **DENIED.**

## II.  Defendants' Motion To Dismiss Count VI For Unfair Methods of Competition

Count VI of the Complaint asserts a cause of action for unfair methods of competition pursuant to Hawaii Revised Statutes Section 480-2 against all Defendants.  (Compl. ¶¶ 128-38, ECF No. 67).  Plaintiffs allege that Defendants' denial of Plaintiffs' ownership interest in the property, misuse of Plaintiffs' funds, failure to pay interest on Plaintiffs' monetary contribution to the venture, mortgaging the property to shield its remaining value, and other misconduct constitute unfair methods of competition.

In order to state a claim for unfair methods of competition, a plaintiff must state sufficient facts to set forth the nature of the competition, how the defendant's conduct negatively affected competition, and how the plaintiff was harmed as a result of the defendant's actions.  Davis v. Four Seasons Hotel Ltd., 228 P.3d 303, 318 (Haw. 2010); see Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, Inc., 148 P.3d 1179, 1216 (Haw. 2006); Haw. Rev. Stat. § 480-2(a) & (e).

A claim for unfair methods of competition must include an allegation of harm to competition itself -- not just harm to competitors.  Kyne v. Ritz-Carlton Hotel Co., 835 F. Supp. 2d 914, 931 (D. Haw. 2011).  Plaintiffs have not adequately alleged harm to competition.

It is insufficient to simply allege that the Defendants

19

engaged in malfeasance, questionable practices, or deceptive behavior.  There must be allegations of anticompetitive effects. See, e.g., Kaiser Found. Health Plan, Inc. v. Hawaii Life Flight Corp., Civ No. 16-00073 ACK-KSC, 2017 WL 1534193, at *10 (D. Haw. Apr. 27, 2017).  Alleging harm just to a competitor does not suffice.

Defendants' Motion to Dismiss (ECF No. 81) as to Count VI for violations of Haw. Rev. Stat. § 480 is **GRANTED.** Leave to amend would be futile.  Plaintiffs have already had numerous opportunities to state a claim pursuant to Section 480 and have failed to do so in the Fourth Amended Complaint.

Plaintiffs' unfair methods of competition claim against all Defendants is **DISMISSED WITH PREJUDICE.**

## CONCLUSION

Defendants' partial Motion to Dismiss (ECF No. 81) is **GRANTED, IN PART, AND DENIED, IN PART.**

Defendants' Motion to Dismiss is **DENIED,** as to **Count IV** in the Fourth Amended Complaint, as follows:

    (1)  Plaintiffs may proceed on their claims in Count IV for breach of fiduciary duty against Defendant Bolton.

    (2)  Plaintiffs may proceed on their claims in Count IV with a claim of aiding and abetting breach of fiduciary duty against Defendants Janet Bolton, Waiaha Ridge LLC, Kona Coffee & Tea Company, Inc., and Bolton, Inc.

    (3)  Plaintiffs may proceed on their claims in Count IV for breach of fiduciary duty on a theory of civil conspiracy against Defendants Daniel B. Bolton, Janet

Bolton, Waiaha Ridge LLC, Kona Coffee & Tea Company, Inc., and Bolton, Inc. based on the fraudulent transfer allegations.

(4)  Plaintiffs may proceed on their claims in Count IV for breach of fiduciary duty on a theory of alter ego liability against Defendants Daniel B. Bolton, Janet Bolton, Waiaha Ridge LLC, Kona Coffee & Tea Company, Inc., and Bolton, Inc.

Defendants' Motion to Dismiss is **GRANTED** as to Count VI of the Fourth Amended Complaint.

Plaintiffs' claim for unfair methods of competition pursuant to Haw. Rev. Stat. § 480 against all Defendants is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

Dated: April 25, 2022, Honolulu, Hawaii.


Helen Gillmor
United States District Judge




DAVID SANSONE COMPANY, INC.; DAVID SANSONE; SANSONE COMPANY INC.; LOS PADRES CONSTRUCTION, INC.; AVILA PROPERTIES, LLC; SANSONE REAL ESTATE INVESTMENTS, LLC v. WAIAHA RIDGE LLC; DANIEL B. BOLTON; JANET T. BOLTON; THE KONA COFFEE & TEA COMPANY, INC.; BOLTON, INC.; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; DOE ENTITIES 1-50, Civ. No. 20-00411 HG-RT; **ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' BREACH OF FIDUCIARY DUTY AND CONSPIRACY CLAIMS AND GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' UNFAIR METHODS OF COMPETITION CLAIM**