IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID SANSONE COMPANY, INC.; SANSONE REAL ESTATE INVESTMENTS, LLC; DAVID SANSONE; SANSONE COMPANY, INC.; AVILA PROPERTIES, LLC; LOS PADRES CONSTRUCTION, INC.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>WAIAHA RIDGE LLC; DANIEL B. BOLTON; THE KONA COFFEE & TEA COMPANY, INC.; BOLTON INC.; JANET T. BOLTON; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; DOE ENTITIES 1-50,<br><br>　　　　Defendants.<br><br><br>WAIAHA RIDGE LLC,<br><br>　　　　Counter-Claimant,<br><br>　vs.<br><br>DAVID SANSONE COMPANY, INC.<br><br>　　　　Counter-Defendant. | Civ. No. 20-00411 HG-RT |

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS 7-12 OF THE FOURTH AMENDED COMPLAINT AGAINST DEFENDANTS WAIAHA RIDGE, LLC, DANIEL B. BOLTON, AND JANET T. BOLTON (ECF No. 97)**

**and**

1

**DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF COUNTS I-III AND V OF PLAINTIFFS' FOURTH AMENDED COMPLAINT AND COUNT I OF COUNTERCLAIM AS TO LIABILITY (ECF No. 103)**

Plaintiffs' claims arise out of an alleged agreement with Defendants to acquire and develop real estate on the island of Hawaii beginning in 2006.

Plaintiff David Sansone alleges that he agreed to enter into a joint business venture with Defendant Daniel Bolton based on a representation by Bolton that it would be a "50/50 partnership" with each partner contributing half of the funds necessary to purchase and develop the property.

Plaintiffs assert that they advanced millions of dollars to Defendants for the joint venture, but they claim that Defendants improperly used the funds for activities outside of the venture, including to pay unrelated debts and to purchase property unconnected to the joint venture.

The case was filed on September 30, 2020 and is now on its Fourth Amended Complaint.

After the Third Amended Complaint was filed, Defendant Waiaha Ridge, LLC, filed a counterclaim against Plaintiff/Counter-Defendant David Sansone Company, Inc. The counterclaim is for Wrongful Refusal To Release A Mortgage that the Parties entered into in 2018.

**PLAINTIFFS' MOTION:**

Plaintiffs filed a Motion for Partial Summary Judgment,

requesting the Court rule in their favor as to Counts VII, VIII, IX, X, XI, and XII of their Fourth Amended Complaint.

**DEFENDANTS' MOTION:**

Defendants filed their own Motion for Partial Summary Judgment, requesting the Court rule in their favor as to Counts I, II, III, and V of Plaintiffs' Fourth Amended Complaint as well as in favor of the Counter-Claimant Waiaha Ridge LLC as to liability.

There are genuine issues of material fact that preclude the Court from granting summary judgment as to either Motion.

Plaintiffs' Motion for Partial Summary Judgment (ECF No. 97) is **DENIED**.

Defendants/Counter-Claimant's Motion for Partial Summary Judgment (ECF No. 103) is **DENIED**.

## PROCEDURAL HISTORY

On September 30, 2020, Plaintiffs filed a Complaint.  (ECF No. 1).

On October 7, 2020, Plaintiffs filed a FIRST AMENDED COMPLAINT.  (ECF No. 6).

On the same date, the Court issued a Minute Order instructing Plaintiffs that the allegations in the First Amended Complaint were insufficient to confer the Court with subject-matter jurisdiction based on diversity.  (ECF No. 7).

On October 16, 2020, Plaintiffs filed an Ex Parte Motion for Leave to File Second Amended Complaint.  (ECF No. 8).

On October 20, 2020, the Court granted Plaintiff's Motion for Leave to File Second Amended Complaint.  (ECF No. 9).

On October 20, 2020, Plaintiffs filed their SECOND AMENDED COMPLAINT.  (ECF No. 10).

On November 25, 2020, Defendants filed a Motion to Dismiss.  (ECF No. 17).

On December 10, 2020, the Court held a Status Conference.  (ECF No. 23).  At the Status Conference, Defendants' Motion to Dismiss (ECF No. 17) was stricken and Plaintiffs were granted leave to file a Third Amended Complaint.  (ECF No. 23).

On January 15, 2021, Plaintiffs filed their THIRD AMENDED COMPLAINT.  (ECF No. 24).

On February 4, 2021, Defendants filed DEFENDANTS WAIAHA RIDGE, LLC AND DANIEL B. BOLTON'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM.  (ECF No. 29).

On March 31, 2021, the Court held a hearing on Defendants' Motion to Dismiss Third Amended Complaint and denied the Motion.  (ECF No. 36).

On April 14, 2021, Defendants filed their Answer and Defendant/Counter-Claimant Waiaha Ridge LLC filed its COUNTERCLAIM against Plaintiff/Counter-Defendant David Sansone Company, Inc.  (ECF No. 43).

On July 30, 2021, Plaintiffs filed a Motion for Leave to File Fourth Amended Complaint.  (ECF No. 60).

On September 16, 2021, the Magistrate Judge held a hearing on Plaintiffs' Motion for Leave and granted the Motion.  (ECF No. 66).

On September 16, 2021, Plaintiffs filed their FOURTH AMENDED COMPLAINT.  (ECF No. 67).

On October 22, 2021, Defendants filed a Motion to Dismiss, In Part, Plaintiffs' Fourth Amended Complaint.  (ECF No. 81).

On January 5, 2022, the Court held a hearing on Defendants' Motion to Dismiss, In Part, Plaintiffs' Fourth Amended Complaint.  (ECF No. 88).

On April 13, 2022, Plaintiffs filed their Motion for Partial Summary Judgment.  (ECF No. 97).

On the same date, Defendants filed their Motion for Partial Summary Judgment.  (ECF No. 99).

On April 19, 2022, the Court issued a Minute Order striking Defendants' Motion for failure to comply with the Local Rules and provided Defendants additional time to file their Motion.  (ECF No. 101).

On April 25, 2022, the Court issued its ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S BREACH OF FIDUCIARY DUTY AND CONSPIRACY CLAIMS AND GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' UNFAIR METHODS OF COMPETITION CLAIM.  (ECF

No. 102).

On April 27, 2022, Defendants filed their Motion for Partial Summary Judgment.  (ECF No. 103).

On May 17, 2022, the Parties filed their Oppositions to the Motions for Partial Summary Judgment.  (ECF Nos. 107 and 109).

On May 31, 2022, the Parties filed their Replies.  (ECF Nos. 118 and 120).

On June 15, 2022, the Court held a hearing on the Parties' Motions for Partial Summary Judgment.  (ECF No. 130).

## **ANALYSIS**

Plaintiffs David Sansone Company, Inc., Sansone Real Estate Investments, LLC, David Sansone, Sansone Company, Inc., Avila Properties, LLC, and Los Padres Construction, Inc. ("Plaintiffs") and Defendants Waiaha Ridge LLC, Daniel B. Bolton, The Kona Coffee & Tea Company, Inc., Bolton Inc., and Janet T. Bolton ("Defendants") have each filed a Motion for Partial Summary Judgment.

Plaintiffs seek summary judgment on the following causes of action in the Fourth Amended Complaint:

**COUNT VII** -   Fraudulent Transfer/Conveyance pursuant to Haw. Rev. Stat. §§ 651C-4(a)(1), 651C-7(a)(1), and 651C-8(b) and Common Law;

**COUNT VIII** -  Fraudulent Transfer pursuant to Haw. Rev. Stat. §§ 651C-4(a)(2), 651C-7(a)(1), and 651C-8(b);

  **COUNT IX** -  Fraudulent Obligation Incurred pursuant to Fraudulent Transfer/Conveyance pursuant to Haw. Rev. Stat. §§ 651C-4(a)(1), 651C-7(a)(1), and 651C-8(b) and Common Law;

  **COUNT X** -  Fraudulent Obligation Incurred pursuant to Fraudulent Transfer/Conveyance pursuant to Haw. Rev. Stat. §§ 651C-4(a)(2), 651C-7(a)(1), and 651C-8(b);

  **COUNT XI** -  Fraudulent Transfer and Fraudulent Obligation Incurred pursuant to Fraudulent Transfer/Conveyance pursuant to Haw. Rev. Stat. §§ 651C-5(a), 651C-7(a)(1), and 651C-8(b);

  **COUNT XII** -  Preferential Transfer pursuant to Fraudulent Transfer/Conveyance pursuant to Haw. Rev. Stat. §§ 651C-5(b), 651C-7(a)(1), and 651C-8(b).

Defendants and Counter-Claimant Waiaha Ridge LLC seek summary judgment as to the following causes of action:

  **COUNT I** -  Declaratory Judgment As To Accrued Interest;

  **COUNT II** -  Money Judgment;

  **COUNT III** -  Unjust Enrichment;

  **COUNT V** -  Promissory Estoppel;

**COUNTERCLAIM** -  Wrongful Refusal to Release Mortgage In Violation of Haw. Rev. Stat. § 506-8.

No party moved for summary judgment as to Count IV in the Fourth Amended Complaint for Breach of Fiduciary Duties.

Count VI in the Fourth Amended Complaint for Unfair Methods of Competition was dismissed with prejudice by the Court in its April 25, 2022 ORDER (ECF No. 102).

I.   **The Standard Of Review**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  To defeat summary judgment "there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  Celotex, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson, 477 U.S. at 249-50).

The court views the facts in the light most favorable to the non-moving party. State Farm Fire & Cas. Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994). "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on

9

conclusory allegations unsupported by factual data to create an issue of material fact." Hansen v. U.S., 7 F.3d 137, 138 (9th Cir. 1993); see also Nat'l Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## II. The Numerous Disputes Of Material Fact Raised By The Parties Preclude Summary Judgment

The Parties filed voluminous exhibits attached to the Concise Statements of Facts. The exhibits consist of hundreds of pages of material, reflecting the conflicting positions as to the events in this case. Each party references the documents, e-mails, and declarations to support their own claims, theories, and defenses. They have competing versions of the facts and different financial accountings of the monies and transactions at issue.

At the hearing held on the summary judgment motions, the Parties offered competing interpretations of the financial records each provided to the Court.

There are a myriad of genuine issues of material fact in dispute in this case including, but not limited to, the following:

**(1)** the Parties dispute when and if Defendant Bolton and Plaintiff Sansone formed a joint venture and/or partnership;

(See Declaration of David Sansone ("Sansone Decl.") at ¶¶ 4, 11, attached to Pla.'s CSF, ECF No. 98-2; E-mail from David Sansone

10

to Daniel Bolton attached as Ex. A to Def.'s CSF in Opp., ECF No. 110-3; Emails between David Sansone and Daniel Bolton, attached as Ex. to Def.'s CSF in Opp., ECF No. 110-7; July 15, 2009 letter signed by Daniel and Janet Bolton, attached as Ex. 16 to Pla.'s CSF in Opp., ECF No. 108-18).

> **(2)** The Parties dispute if Plaintiffs provided Defendants with loans or investments, and they dispute the overall business relationship, the expectations of the parties, and the nature of the transactions.

(See Sansone Decl. at ¶¶ 9-11, 14-15, attached to Pla.'s CSF, ECF No. 98-2; Sansone Supp. Decl. at ¶ 5, attached to Pla.'s CSF in Reply, ECF No. 121-2; Letter from Sansone to Daniel and Janet Bolton, attached as Ex. F to Def.'s CSF in Opp., ECF No. 110-8; Deposition of Daniel Bolton at pp. 224, 260, attached as Ex. 22 to Pla.'s Reply, ECF No. 121-3; E-mail from Daniel O'Hare to Daniel Bolton, Inc., attached as Ex. B to Def.'s CSF in Opp., ECF No. 110-4; E-mail from David Sansone to Daniel Bolton, attached as Ex. P. to Def.'s CSF in Opp, ECF No. 110-18).

> **(3)** The Parties dispute when and if interest was intended to accrue on monies provided from Plaintiffs to Defendants.

(See Pla.'s CSF at 23, ECF No. 98; Letter from Sansone to Daniel and Janet Bolton, attached as Ex. F to Def.'s CSF in Opp., ECF No. 110-8; Pla.'s Expert Report attached as Ex. 3 to Pla.'s CSF, ECF No. 98-5; Def.'s Expert Report attached as Ex. O to Def.'s CSF in Opp., ECF No. 110-17).

    **(4)**    The Parties dispute the effects and intentions behind the 2018 and 2020 mortgages at issue in the case.

(Sansone Decl. at ¶¶ 7-11, 17-18, attached to Pla.'s CSF, ECF No. 98-2; Letter from Sansone to Daniel and Janet Bolton, attached as Ex. F to Def.'s CSF in Opp., ECF No. 110-8).

    The questions of fact presented in the Motions for Summary Judgment are fundamental and central to the disputes here. Determinations of these factual issues are crucial to deciding each of the causes of action.  Such questions involve credibility determinations and factual findings that cannot be resolved on summary judgment.  <u>Ultimate Timing, L.L.C. v. Simms</u>, 715 F.Supp.2d 1195, 1209-10 (W.D. Wash. 2010) (denying summary judgment on claims relating to the parties' actions in forming a joint venture and alleged violations of their agreements related to their business relationship); <u>Pepper, N.A. v. Expandi, Inc.</u>, 2016 WL 1611039, *4 (N.D. Cal. Apr. 22, 2016) (denying summary judgment for claims of breach of joint venture agreement, unjust enrichment, and promissory estoppel based on genuine issues of material fact about the parties' business relationship and alleged partnership or joint venture).

    In addition, defenses raised here include unclean hands, laches, and statute of limitations which involve factual disputes and credibility determinations that cannot be resolved on summary judgment.  <u>Manley v. Rowley</u>, 847 F.3d 705, 711 (9th Cir. 2017).

**CONCLUSION**

Plaintiffs' Motion for Partial Summary Judgment (ECF No. 97) is **DENIED**.

Defendants/Counter-Claimant's Motion for Partial Summary Judgment (ECF No. 103) is **DENIED**.

IT IS SO ORDERED.

DATED: June 23, 2022, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

David Sansone Company, Inc.; Sansone Real Estate Investments, LLC; David Sansone; Sansone Company Inc.; Avila Properties, LLC; Los Padres Construction, Inc. v. Waiaha Ridge LLC; Daniel B. Bolton; The Kona Coffee & Tea Company, Inc.; Bolton, Inc.; Janet T. Bolton; John Does 1-50; Jane Does 1-50; Doe Corporations 1-50; Doe Partnerships 1-50; Doe Entities 1-50; Counter-Claimant Waiaha Ridge LLC v. Counter-Defendant David Sansone Company, Inc.; Civ. No. 20-00411 HG-RT; **ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS 7-12 OF THE FOURTH AMENDED COMPLAINT AGAINST DEFENDANTS WAIAHA RIDGE, LLC, DANIEL B. BOLTON, AND JANET T. BOLTON (ECF No. 97) and DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF COUNTS I-III AND V OF PLAINTIFFS' FOURTH AMENDED COMPLAINT AND COUNT I OF COUNTERCLAIM AS TO LIABILITY (ECF No. 103)**