IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DAVID SANSONE COMPANY, INC.;  ) Civ. No. 20-00411 HG-RT
SANSONE REAL ESTATE          )
INVESTMENTS, LLC; DAVID      )
SANSONE; SANSONE COMPANY, INC.; )
AVILA PROPERTIES, LLC; LOS   )
PADRES CONSTRUCTION, INC.,   )
                             )
          Plaintiffs,        )
                             )
     vs.                     )
                             )
                             )
WAIAHA RIDGE LLC; DANIEL B.  )
BOLTON; THE KONA COFFEE & TEA )
COMPANY, INC.; BOLTON INC.;  )
JANET T. BOLTON; JOHN DOES 1- )
50; JANE DOES 1-50; DOE      )
CORPORATIONS 1-50; DOE       )
PARTNERSHIPS 1-50; DOE ENTITIES )
1-50,                        )
                             )
          Defendants.        )
                             )
_____ )
                             )
WAIAHA RIDGE LLC,            )
                             )
          Counter-Claimant,  )
                             )
     vs.                     )
                             )
DAVID SANSONE COMPANY, INC.  )
                             )
          Counter-Defendant. )
                             )
_____ )

**ORDER APPOINTING COURT EXPERT PURSUANT TO FED. R. EVID. 706**

Federal Rule of Evidence 706 authorizes the Court to appoint
an expert witness "[o]n a party's motion, or on its own."  Fed.
R. Evid. 706(a).  The decision whether to appoint an expert

1

pursuant to Rule 706 lies in the sound discretion of the Court. Walker v. Am. Hom Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).

An expert "may testify in the form of an opinion or otherwise if...the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue...." Fed. R. Evid. 702(a).

An expert appointed pursuant to Fed. R. Evid. 706 acts as an advisor to the Court on complex or technical matters. Armstrong v. Brown, 768 F.3d 975, 987 (9th Cir. 2014). The policy goal of Fed. R. Evid. 706 is to promote accurate factfinding. Coleman v. Brown, 2018 WL 6250852, *4 (E.D. Cal. Nov. 29, 2018) (citing 29 Charles Alan Wright et al., Fed. Prac. & Proc. § 6302 (2d ed.)).

The Court may appoint an expert of its own choosing. Fed. R. Evid. 706(a). The District Court has discretion to appoint an expert of its own selection sua sponte as long as the parties have notice and an opportunity to be heard. Walker, 180 F.3d at 1071.

On July 22, 2002, the Court notified the Parties of its intention to appoint an accounting expert in this case.

Pursuant to Fed. R. Evid. 706, the Court appoints Mr. Michael I. Tanaka of N&K CPAs, Inc. as an accounting expert. Mr. Tanaka has consented to act as a Court-appointed accounting

2

expert in these proceedings.

The Court **ORDERS** as follows:

1.    The Parties shall provide the Court with any
      information concerning a possible conflict or objection
      concerning the appointment on or before **Wednesday,
      August 24, 2022.**

2.    Pursuant to Fed. R. Evid. 706(b), the Court directs Mr.
      Tanaka to prepare an expert report setting forth an
      accounting of all financial dealings between Plaintiffs
      and Defendants between July 2006 and February 2019.
      The expert report shall be submitted to
      gillmor_orders@hid.uscourts.gov and will be filed
      publicly on the Docket pursuant to Fed. R. Evid.
      706(b)(1).  The Parties shall promptly provide any
      discovery, evidence, or documents requested by Mr.
      Tanaka in order for him to prepare his expert report.
      Failure to comply may result in sanctions.

3.    Mr. Tanaka may be deposed by any party, may be called
      to testify by the Court or any party at trial, and may
      be cross-examined by any party.  Fed. R. Evid.
      706(b)(2)-(4).

4.    The Court adopts the requested hourly rates for Mr.
      Tanaka and his firm as follows:

      |                                  | **Hourly Rates** |
      | -------------------------------- | ---------------- |
      | **Principals**                   | $ 350            |
      | **Senior Managers**              | $ 260            |
      | **Managers**                     | $ 200            |
      | **Seniors**                      | $ 150            |
      | **Associates**                   | $ 120            |
      | **Clerical and Paraprofessionals** | $ 100          |

      The costs of the expert shall be allocated on a 50/50
      basis between Plaintiffs and Defendants pursuant to
      Fed. R. Evid. 706(c)(2).

5.    Mr. Tanaka shall bill the Parties directly for his
      services.  Upon receipt of an invoice from Mr. Tanaka,
      counsel for the relevant Party shall pay the expert no
      later than seven (7) calendar days from the date of the
      invoice.

IT IS SO ORDERED.

DATED: August 10, 2022, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

David Sansone Company, Inc.; Sansone Real Estate Investments, LLC; David Sansone; Sansone Company Inc.; Avila Properties, LLC; Los Padres Construction, Inc. v. Waiaha Ridge LLC; Daniel B. Bolton; The Kona Coffee & Tea Company, Inc.; Bolton, Inc.; Janet T. Bolton; John Does 1-50; Jane Does 1-50; Doe Corporations 1-50; Doe Partnerships 1-50; Doe Entities 1-50; Counter-Claimant Waiaha Ridge LLC v. Counter-Defendant David Sansone Company, Inc.; Civ. No. 20-00411 HG-RT; **ORDER APPOINTING COURT EXPERT PURSUANT TO FED. R. EVID. 706**