IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID SANSONE COMPANY, INC.; SANSONE REAL ESTATE INVESTMENTS, LLC; DAVID SANSONE; SANSONE COMPANY, INC.; AVILA PROPERTIES, LLC; LOS PADRES CONSTRUCTION, INC., <br><br>　　　　Plaintiffs, <br><br>　vs. <br><br>WAIAHA RIDGE LLC; DANIEL B. BOLTON; THE KONA COFFEE & TEA COMPANY, INC.; BOLTON INC.; JANET T. BOLTON; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; DOE ENTITIES 1-50, <br><br>　　　　Defendants. <br>_____ <br>WAIAHA RIDGE LLC, <br><br>　　　　Counter-Claimant, <br><br>　vs. <br><br>DAVID SANSONE COMPANY, INC. <br><br>　　　　Counter-Defendant. <br>_____ | Civ. No. 20-00411 HG-RT |

**ORDER APPOINTING COURT EXPERT PURSUANT TO FED. R. EVID. 706**

　　　Federal Rule of Evidence 706 authorizes the Court to appoint an expert witness "[o]n a party's motion, or on its own."  Fed.

1

R. Evid. 706(a).  The decision whether to appoint an expert pursuant to Rule 706 lies in the sound discretion of the Court. Walker v. Am. Hom Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).

An expert "may testify in the form of an opinion or otherwise if...the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue...."  Fed. R. Evid. 702(a).

An expert appointed pursuant to Fed. R. Evid. 706 acts as an advisor to the Court on complex or technical matters.  Armstrong v. Brown, 768 F.3d 975, 987 (9th Cir. 2014).  The policy goal of Fed. R. Evid. 706 is to promote accurate factfinding.  Coleman v. Brown, 2018 WL 6250852, *4 (E.D. Cal. Nov. 29, 2018) (citing 29 Charles Alan Wright et al., Fed. Prac. & Proc. § 6302 (2d ed.)).

The Court may appoint an expert of its own choosing.  Fed. R. Evid. 706(a).  The District Court has discretion to appoint an expert of its own selection sua sponte as long as the parties have notice and an opportunity to be heard.  Walker, 180 F.3d at 1071.

On August 5, 2022, the Court notified the Parties of its intention to appoint an accounting expert.  (ECF No. 146).

On December 6, 2022, the Court proposed the appointment of Jude Damasco, CPA of Miller Kaplan, a certified public accounting

2

firm in San Francisco, CA, as its accounting expert. (ECF No. 157).

The Parties were required to provide the Court with information concerning any possible conflict or objection concerning the appointment on or before December 13, 2022. (Id.).

Counsel for Defendants Waiaha Ridge LLC, Daniel B. Bolton, Janet T. Bolton, The Kona Coffee and Tea Company, Inc., and Bolton, Inc., filed a position of no conflict on December 12, 2022. (ECF No. 160).

Plaintiff did not file a position.

Pursuant to Fed. R. Evid. 706, the Court appoints Jude Damasco, CPA of Miller Kaplan, as an accounting expert. Mr. Damasco has consented to act as a Court-appointed accounting expert in these proceedings.

The Court **ORDERS** as follows:

1. Pursuant to Fed. R. Evid. 706(b), the Court directs Mr. Damasco to prepare an expert report setting forth an accounting of all financial dealings between Plaintiffs and Defendants between July 2005 and February 2019. The expert report shall be submitted to gillmor_orders@hid.uscourts.gov and will be filed publicly on the Docket pursuant to Fed. R. Evid. 706(b)(1). The Parties shall promptly provide any discovery, evidence, or documents requested by Mr. Damasco in order for him to prepare his expert report. Failure to comply may result in sanctions.

2. Following the filing of his expert report, Mr. Damasco may be deposed by any party, may be called to testify by the Court or any party at trial, and may be cross-examined by any party. Fed. R. Evid. 706(b)(2)-(4).

3.  The Court adopts the requested hourly rates for Mr. Damasco and the firm of Miller Kaplan as follows:

    |  | **Hourly Rates** |
    |---|---|
    | Jude Damasco, Partner | $600 |
    | Senior Managers | $240 |
    | Senior Associates | $155 |
    | Clerical assistants, report writing and research assistants | $95-$230 |

    The costs of the expert shall be allocated on a 50/50 basis between Plaintiffs and Defendants pursuant to Fed. R. Evid. 706(c)(2).

4.  Mr. Damasco shall bill the Parties directly for his services. Upon receipt of an invoice from Mr. Damasco, counsel for the relevant Party shall pay the expert no later than seven (7) calendar days from the date of the invoice.

IT IS SO ORDERED.

DATED: January 6, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

David Sansone Company, Inc.; Sansone Real Estate Investments, LLC; David Sansone; Sansone Company Inc.; Avila Properties, LLC; Los Padres Construction, Inc. v. Waiaha Ridge LLC; Daniel B. Bolton; The Kona Coffee & Tea Company, Inc.; Bolton, Inc.; Janet T. Bolton; John Does 1-50; Jane Does 1-50; Doe Corporations 1-50; Doe Partnerships 1-50; Doe Entities 1-50; Counter-Claimant Waiaha Ridge LLC v. Counter-Defendant David Sansone Company, Inc.; Civ. No. 20-00411 HG-RT; **ORDER APPOINTING COURT EXPERT PURSUANT TO FED. R. EVID. 706**