IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID SANSONE COMPANY, INC.; SANSONE REAL ESTATE INVESTMENTS, LLC; DAVID SANSONE; SANSONE COMPANY, INC.; AVILA PROPERTIES, LLC; LOS PADRES CONSTRUCTION, INC.,<br><br>         Plaintiffs,<br><br>     vs.<br><br>WAIAHA RIDGE LLC; DANIEL B. BOLTON; THE KONA COFFEE & TEA COMPANY, INC.; BOLTON INC.; JANET T. BOLTON; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; DOE ENTITIES 1-50,<br><br>         Defendants.<br><br>WAIAHA RIDGE LLC,<br><br>         Counter-Claimant,<br><br>     vs.<br><br>DAVID SANSONE COMPANY, INC.<br><br>         Counter-Defendant. | Civ. No. 20-00411 HG-RT |

**ORDER ON MOTIONS IN LIMINE**

1

## I. PLAINTIFFS' MOTIONS IN LIMINE

**Plaintiffs' Motion in Limine No. 1:**     **To Exclude Undisclosed Expert Opinions**

### A. Background

The deadline for Defendants to disclose their expert reports was April 27, 2022. (ECF No. 95).

On January 6, 2023, the Court issued an Order appointing Judge Damasco, CPA of Miller Kaplan, as a Court-appointed accounting expert pursuant to Federal Rule of Evidence 706. (ECF No. 162).

#### 1. First Request By Court-Appointed Expert For Additional Information From Parties

On June 20, 2023, the Court issued a Minute Order requiring the Parties to respond to questions from the Court-appointed expert by July 11, 2023. (ECF No. 169).

Defendants were specifically requested to provide accounting records for the Waiaha Ridge LLC from April 2006 through December 2018. (Id.)

Defendants responded to the Court-appointed expert's request by submitting an accounting from their own expert Ben W. Sheppard. (Def.'s Opp. at p. 3, ECF No. 193).

2

## 2. Second Request By Court-Appointed Expert For Additional Information From Parties

On August 23, 2023, the Court issued a second Minute Order requiring the Parties to respond to questions from the Court-appointed expert by September 6, 2023.  (ECF No. 174).  Defendants were required to provide an additional accounting for the Waiaha Ridge LLC as well as the estimated value of the unsold lots owned by Waiaha Ridge LLC.  (Letter attached to Minute Order at pp. 4-5, ECF No. 174-1).

Defendants responded to the Court-appointed expert's questions with additional accounting information and by submitting appraisal reports prepared by Keri Campbell as requested by Mr. Damasco.  (Def.'s Opp. at pp. 3-4, ECF No. 193).

Plaintiffs object to the Waiaha Ridge LLC accounting prepared by Ben W. Sheppard in response to the Court-appointed expert's questions.  Plaintiffs also object to the appraisal reports prepared by Keri Campbell in response to the Court-appointed expert's questions.  Plaintiffs argue that the disclosures are untimely.

## B. Analysis

Federal Rule of Civil Procedure 26(a)(2)(A) requires litigants to disclose the identities of all expert witnesses. For expert witnesses who are retained to provide expert

3

testimony, Rule 26(a)(2)(B) requires that the witness provide a report detailing their opinions. For all other expert witnesses, the party must disclose the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions about which the witness will testify. Fed. R. Civ. P. 26(a)(2)(C).

If a party fails to disclose the required expert information, the party is not allowed to use that information at trial or otherwise "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, there is no basis to exclude either the accounting reports prepared by Ben W. Sheppard in response to the Court-appointed expert's questions or the appraisals prepared by Keri Campbell in response to the Court-appointed expert's questions. The information was necessary for the Court-appointed expert to prepare his own report as directed by the Court.

Courts look to four factors to determine whether an untimely disclosure was substantially justified or harmless:

(1) prejudice or surprise to the party against whom the evidence is offered;

(2) the ability of the party to cure the prejudice;

(3) the likelihood of disruption of the trial; and,

(4) bad faith or willfulness involved in not timely disclosing the evidence.

Lanard Toys Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713

4

(9th Cir. 2010).

Defendants' disclosures were made in order to properly respond to Mr. Damasco's questions. The disclosures were not a surprise to Plaintiffs as they were informed of the questions raised by Mr. Damasco and Plaintiffs were also required to provide their own responses to his questions.  There was no bad faith by the Defendants in the timing of their disclosures. Plaintiffs have been aware of the disclosures for months and could have objected earlier if Plaintiffs felt they needed an opportunity to respond to the Defendants' disclosures.

Defendants were substantially justified in making their disclosures at the direction of the Court-appointed expert. Defendants' disclosures are not precluded from trial.  Fed. R. Civ. P. 37(c)(1); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

Plaintiffs' Motion in Limine No. 1 (ECF No. 180) to exclude undisclosed expert opinions is **DENIED.**

Plaintiffs may raise questions about the expert disclosures by cross-examination of the purposes of the disclosures.

**Plaintiffs' Motion in Limine No. 2:**       **To Exclude Evidence Of Settlement Communications**

Federal Rule of Evidence 408 provides, as follows:

(a)   Prohibited Uses. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a

5

>     contradiction:
>
>     (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and
>
>     (2) conduct or a statement made during compromise negotiations about the claim ....
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Pursuant to Fed. R. Evid. 408, settlement negotiations or agreements are not admissible either to prove or disprove the validity or the amount of a disputed claim. <u>Adon Constr. Inc. v. Renesola Am. Inc.</u>, 2019 WL 2236073, *8 (D. Haw. May 23, 2019).

Plaintiffs specifically seek to exclude "the formal demands Plaintiffs made to Defendants prior to the commencement of this litigation and communications made during settlement conferences before Magistrate Judge Rom A. Trader, for the purpose of proving or disproving the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction." (Pl.'s MIL at p. 3, ECF No. 181).

Plaintiffs also seek to exclude communications between the Parties prior to commencement of the lawsuit.  While settlement evidence is generally inadmissible to prove or disprove the validity or the amount of a disputed claim, such evidence might be admissible for another purpose.

6

Defendants stated that they seek to introduce settlement negotiation evidence to support a claim that Plaintiff Sansone improperly wrote off property transactions on his taxes.

Defendants are not permitted to argue or introduce evidence of Plaintiff Sansone's tax use.  Neither Parties' tax returns are before this Court, nor are they relevant to this proceeding.  The Court will not allow the Parties' arguments about each other's taxes to delay trial or confuse the issues.

Plaintiffs' Motion in Limine No. 2 (ECF No. 181) to exclude evidence of settlement communications is **GRANTED, IN PART, and DENIED, IN PART.**

Evidence of settlement discussions held before Magistrate Judge Rom A. Trader is inadmissible pursuant to Fed. R. Evid. 408(a).

Evidence regarding settlement communications made prior to the commencement of the litigation may be admissible for a proper purpose depending on the basis for which the evidence is offered.

The Parties agreed that Exhibits 1038 and 1039 may be offered to demonstrate the Parties' business dealings and intent regarding their joint venture, but they may not be used to establish the amount of a disputed claim.

///

///

///

## II. DEFENDANTS' MOTIONS IN LIMINE

**Defendants' Motion in Limine No. 1:**     RE: Exclusion Of Prior Bad Acts/Character Evidence

Federal Rule of Evidence 404(b) prohibits evidence of a wrong to prove a **person's** character in order to show that the **person** acted on a particular occasion in accordance with the character.  Fed. R. Evid. 404(b)(1).  Such evidence, however, may be admissible for another purpose, such as proving motive, modus operandi, opportunity, intent, or lack of mistake.  Fed. R. Evid. 404(b)(2).

Defendants seek to exclude evidence of purported prior bad acts of the Defendants, specifically judgments entered against Bolton, Inc. in other lawsuits, including Koyo USA Corp. v. Hirayama, et al., Civ. No. 14-1-099K (3d. Cir. Haw. 2014) and a related arbitration.

As an initial matter, Fed. R. Evid. 404(b) does not apply to Defendant Bolton, Inc.  Rule 404(b) applies to evidence of the character of a "person," not a corporation.  ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union, 2019 WL 1651038, *17 (D. Or. Apr. 17, 2019) (citing Wright, et al., 22B Fed. Prac. & Proc. Evid. 5234 (2d. Ed. 2018)).

The evidence that Plaintiffs seek to introduce about Defendant Bolton, Inc. and the Defendants' other business

8

dealings is not inadmissible character evidence. The evidence is offered as it relates directly to Defendants' business dealings with Plaintiffs.

Plaintiffs assert the $7,135,200 default judgment that was entered against Defendants Daniel B. Bolton and Janet T. Bolton in GE Business Fin. Servs., Inc. v. Bolton et al., Civ. No. MC 10-00295 SOM-BMK, (D. Haw. 2012) and 10-cv-04616 (N.D. Ill. 2010) may be offered as direct evidence of Defendants' breach of fiduciary duty. The judgment was recorded as a lien against the property subject to Plaintiffs' and Defendants' joint venture here. Plaintiffs claim that the Defendants did not disclose the judgment or the lien to them.

Plaintiffs assert the evidence of the Koyo litigation and arbitration is also offered as direct evidence of the Parties' business dealings in this case. Plaintiffs allege that the $10,235,389.63 arbitration award against Defendant Bolton, Inc. and the Koyo proceedings were the impetus for the execution and recordation of the 2019 Mortgage in favor of Plaintiffs at issue here. Such evidence may be directly related to the business dealings that are subject to litigation in this case. Envy Hawaii LLC v. Volvo Car USA LLC, Civ. No. 17-00040 HG-RT, 2019 WL 5865912, at *4 (D. Haw. Nov. 8, 2019) (explaining evidence of the parties' past business transactions was directly relevant to the claims and defenses in the action and not precluded under

9

404(b)).

In addition, Plaintiffs may offer evidence of Defendants' other business dealings to show knowledge, intent, modus operandi, motive, and lack of mistake.  Fed. R. Evid. 404(b)(2).

Motions in Limine filed pursuant to Federal Rule of Evidence 403 regarding prejudicial evidence are generally inapplicable in a bench trial.  In a bench trial, there is no jury from which to shield prejudicial evidence.  The Court is able to exclude any improper inferences from relevant evidence in reaching its decision.  Cmty Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC, 80 F.Supp.3d 1180, 1216 (E.D. Wash. 2015) (citing EEOC v. Farmer Bros. Co., 31 F.3d 891, 898 (9th Cir. 1994)).

Defendants' Motion in Limine No. 1 (ECF No. 182) to exclude prior acts/character evidence is **DENIED**.

Exhibits 42, 43, 47, 48, 49, 50, and 51 are admissible and the full records shall remain for purposes of completeness.  Fed. R. Evid. 106.

Given the volume of the evidence, specifically relating to the Koyo litigation, Plaintiffs are instructed to provide a summary to the Court that outlines the evidentiary purposes of each of the Exhibits and the basis for which they seek to introduce each at trial.  Fed. R. Evid. 1006.  Defendants may raise any objection to a proffered reason within four days of the summary being filed.

10

**Defendants' Motion in Limine No. 2**:     **RE: Preclusion Of Cumulative And/Or Irrelevant Expert Testimony**

Pursuant to the Parties' Stipulation, Defendants' Motion in Limine No. 2 (ECF No. 183) is **MOOT**.

**Defendants' Motion in Limine No. 3**:     **RE: Exclusion Of Evidence On Counts VII, IX, and XIII of Plaintiffs' Fourth Amended Complaint**

### A. Defendants' Motion in Limine No. 3 Is An Untimely Dispositive Motion

Motions in limine are a procedural mechanism to limit evidence or testimony in advance of trial that is irrelevant, unduly prejudicial, or otherwise inadmissible. United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). The key function of a motion in limine is to exclude prejudicial evidence before the evidence is actually offered at trial. Luce v. United States, 469 U.S. 38, 40 n.2 (1984).

Motions in limine may not seek to dismiss, bar, or preclude a claim or defense, as such motions are subject to the deadline for filing dispositive motions. Hana Fin., Inc. v. Hana Bank, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013). A motion in limine is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence in support of a particular claim or

11

defense.  Elliot v. Versa CIC, L.P., 349 F.Supp.3d 1000, 1002 (S.D. Cal. 2018).

Defendants' Motion in Limine No. 3 seeks to dismiss Counts VII, IX, and XIII.  Defendants' Motion is a dispositive motion, not a motion in limine.  Defendants' Motion is untimely.  The dispositive motions deadline was April 13, 2022, more than one year and six months ago.  (ECF No. 75).

> **B.  Counts VII, IX, and XIII of the Fourth Amended Complaint Are Plaintiffs' Fraudulent Transfer Claims Pursuant to Hawaii Law, Which Also Seek Injunctive Relief Against Defendants**

Plaintiffs allege that Defendant Daniel and Janet Bolton executed and recorded a mortgage against the subject property in their favor in September 2020, days before this lawsuit was filed.  Plaintiffs assert that Defendants released the September 2020 Mortgage in July 2022, on the last day of discovery in this case.

Defendants assert that because they released the mortgage they cannot be liable for Plaintiffs' fraudulent transfer claims or for injunctive relief relating to their actions.

Defendants are incorrect.  Plaintiffs have standing to bring their claims and the claims are not moot.  As set forth in Plaintiffs' opposition, if Plaintiffs prove their claim, the Court may consider granting relief to Plaintiffs on their fraudulent transfer claims pursuant to the Hawaii Uniform

12

Fraudulent Transfer Act, including prospective injunctive relief. (Pl.'s Opp. at p. 5, ECF No. 197).

Defendants' arguments based on the Court's purported lack of subject-matter jurisdiction over the fraudulent transfer claims are wholly without merit.

Defendants' Motion in Limine No. 3 (ECF No. 184) Re: Exclusion of Evidence on Counts VII, IX, and XIII of Plaintiffs' Fourth Amended Complaint is **DENIED**.

**Defendants' Motion in Limine No. 4**:     RE: Exclusion Of Stale Claims

Defendants seek dispositive rulings as to both a statute of limitations defense and a laches defense in their Motion in Limine No. 4.

Defendants also seek to preclude Plaintiffs from introducing evidence that on May 29, 2010, a Mortgage was issued in favor of Plaintiff David Sansone in the amount of $1,800,000 from Waiaha Ridge LLC, which was signed by Defendant Daniel Bolton.  (May 29, 2010 Mortgage, attached to Def.'s Motion, ECF No. 185-2).

First, as stated previously, to the extent Defendants seek a dispositive ruling in their Motion in Limine No. 4, the motion is untimely by more than 18 months.

Second, evidence of a May 29, 2010 Mortgage is directly relevant to the claims at issue for trial, including the transactions involving Waiaha Ridge LLC and the Parties' joint

13

venture.

Defendants' Motion in Limine No. 4 (ECF No. 185) Re: Exclusion of Stale Claims (ECF No. 185) is **DENIED**.

## CONCLUSION

**PLAINTIFFS' MOTIONS IN LIMINE**:

(1) Plaintiffs' Motion in Limine No. 1 (ECF No. 180) to exclude undisclosed expert opinions is **DENIED.**

(2) Plaintiffs' Motion in Limine No. 2 (ECF No. 181) to exclude evidence of settlement communications is **GRANTED, IN PART, and DENIED, IN PART.**

  Evidence of settlement discussions held before Magistrate Judge Rom A. Trader is inadmissible pursuant to Fed. R. Evid. 408(a).

  Evidence regarding settlement communications made prior to the commencement of the litigation may be admissible for a another purpose depending on the basis for which the evidence is offered.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

14

**DEFENDANTS' MOTIONS IN LIMINE**:

(1) <u>Defendants' Motion in Limine No. 1</u> (ECF No. 182) Re: exclusion of prior acts/character evidence is **DENIED.**

Given the volume of the prior acts evidence, specifically relating to the <u>Koyo</u> litigation, Plaintiffs are instructed to provide a summary to the Court of the other acts evidence they intend to introduce at trial.

(2) <u>Defendants' Motion in Limine No. 2</u> (ECF No. 183) Re: preclusion of cumulative and/or irrelevant expert testimony is **MOOT** pursuant to the Parties' Stipulation.

(3) <u>Defendants' Motion in Limine No. 3</u> (ECF No. 184) Re: Exclusion of Evidence on Counts VII, IX, and XIII of Plaintiffs' Fourth Amended Complaint is **DENIED.**

(4) <u>Defendants' Motion in Limine No. 4</u> (ECF No. 185) Re: Exclusion of Stale Claims (ECF No. 185) is **DENIED.**


IT IS SO ORDERED.

DATED: October 20, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

<u>David Sansone Company, Inc.; Sansone Real Estate Investments, LLC; David Sansone; Sansone Company Inc.; Avila Properties, LLC; Los Padres Construction, Inc. v. Waiaha Ridge LLC; Daniel B. Bolton; The Kona Coffee & Tea Company, Inc.; Bolton, Inc.; Janet T. Bolton; John Does 1-50; Jane Does 1-50; Doe Corporations 1-50; Doe Partnerships 1-50; Doe Entities 1-50; Counter-Claimant Waiaha Ridge LLC v. Counter-Defendant David Sansone Company, Inc.;</u> Civ. No. 20-00411 HG-RT; **ORDER ON MOTIONS IN LIMINE**