CADES SCHUTTE LLP
A Limited Liability Law Partnership

KELLY G. LaPORTE          6294
TRISHA H.S.T. AKAGI       10186
JARRETT A. DEMPSEY        10774
1000 Bishop, Suite 1200
Honolulu, Hawai'i 96813
Telephone: (808) 521-9200
Facsimile: (808) 521-9210
E-mail:    klaporte@cades.com
           takagi@cades.com
           jdempsey@cades.com

- AND -

CHUN KERR LLP

SIMON KLEVANSKY           3217
ALIKA L. PIPER            6949
First Hawaiian Center
999 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 528-8200
Facsimile: (808) 664-8597
E-Mail: sklevansky@ chunkerr.com
        apiper@ chunkerr.com

Attorneys for Plaintiffs
DAVID SANSONE COMPANY, INC., DAVID
SANSONE, SANSONE COMPANY, INC., LOS
PADRES CONSTRUCTION, INC., AVILA
PROPERTIES, LLC, AND SANSONE REAL
ESTATE INVESTMENTS, LLC

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| DAVID SANSONE COMPANY, INC., a California corporation; DAVID SANSONE, a California resident; SANSONE COMPANY INC., a California corporation; LOS PADRES CONSTRUCTION, INC., a dissolved California corporation; AVILA PROPERTIES, LLC, a cancelled California limited liability company; SANSONE REAL ESTATE INVESTMENTS, LLC, a cancelled California limited liability company,<br><br>        Plaintiffs,<br><br>  vs.<br><br>WAIAHA RIDGE LLC, a Hawaii limited liability company; DANIEL B. BOLTON; JANET T. BOLTON; THE KONA COFFEE & TEA COMPANY, INC.; BOLTON, INC.; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; and DOE ENTITIES 1-50,<br><br>        Defendants. | Civil No.: 1:20-cv-00411 HG-RT<br><br>**PLAINTIFFS' TRIAL MEMORANDUM RE: ATTORNEYS' FEES AS A MEASURE OF PUNITIVE DAMAGES**<br><br>Trial Date: November 1, 2023<br>Judge: Honorable Helen Gillmor |

2

## PLAINTIFFS' TRIAL MEMORANDUM RE: ATTORNEYS' FEES AS A MEASURE OF PUNITIVE DAMAGES

### I.   INTRODUCTION

Pursuant to the Court's direction, Plaintiffs David Sansone Company, Inc., David Sansone, Sansone Company, Inc., Los Padres Construction, Inc., Avila Properties, LLC, and Sansone Real Estate Investments, LLC (collectively, "**Plaintiffs**") hereby submit this trial memorandum addressing attorneys' fees as a measure of punitive damages. Under controlling Hawaiʻi law, Plaintiffs' attorneys' fees can be used as a measure of punitive damages.

### II.   ARGUMENT

"Punitive or exemplary damages are generally defined as those damages assessed in addition to compensatory damages for the purpose of punishing the defendant for aggravated or outrageous misconduct and to deter the defendant and others from similar conduct in the future." *Masaki v. Gen. Motors Corp.*, 780 P.2d 566, 575 (Haw. 1989). To recover punitive damages, the plaintiff "must prove by clear and convincing evidence that the defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Kunewa v. Joshua*, 924 P.2d 559, 567 (Haw. Ct. App. 1996) (internal quotations omitted). "The proper measure of punitive damages should be the degree

3

of malice, oppression, or gross negligence which forms the basis for the award and the amount of money required to punish the defendant." *Kekona v. Bornemann*, 349 P.3d 361, 370 (Haw. 2015) (quotation marks, alterations, and citation omitted).

Under Hawaiʻi law, attorneys' fees can be used as a measure of punitive damages. As a federal court with diversity jurisdiction, this Court should apply Hawaiʻi law with respect to awarding punitive damages. *See Kunewa*, 924 P.2d at 569 ("The Court thus left the responsibility for framing guidelines for punitive damages awards to the states.").

*Kunewa v. Joshua*, a case in involving allegations of the defendant son's fraudulent conveyance of his deceased mother's assets to himself at the exclusion of his sisters, first "addressed the question of whether a plaintiff's attorney fees may be considered in determining the amount of punitive damages." 924 P.2d at 567. In that case, the Intermediate Court of Appeals noted that "[c]ourts in other jurisdictions disagree on whether a jury, or a judge sitting as fact finder, may consider a plaintiff's attorney fees or other litigation costs in determining an award of punitive damages[,]" *Id.* at 568, but specifically chose to adopt "the majority view that a jury should be allowed to consider a plaintiff's attorney fees in determining the amount of a punitive damages award" and held that the circuit court's instruction to the jury that it could consider the plaintiff's reasonable attorney fees in calculating punitive damages was proper. *Id.* at 571.

One year later, the Hawaiʻi Supreme Court held in *Lee v. Aiu* that the trial court erred in prohibiting the plaintiff "from presenting the jury with evidence of her attorney's fees incurred in litigating with" the defendant as "a jury should be allowed to consider a plaintiff's attorney fees in determining the amount of a punitive damages award." 936 P.2d 655, 671 (Haw. 1997).

In *Kekona v. Bornemann*, the Hawaiʻi Supreme Court approved the grant of $600,000 in attorneys' fees as part of a $1,642,857 award of punitive damages for plaintiff's fraudulent transfer claims brought under HRS chapter 651C. 349 P.3d 361, 365 (Haw. 2015). The court reasoned that the "attorney's fees reasonably corresponded to the extensive discovery required to expose the fraudulent transfer, three jury trials, the cost of hiring expert witnesses, voluminous pre-trial and post-trial motions, and several appeals to the ICA and to this court." *Id.* at 372.

The United States District Court for the District of Hawaiʻi has also awarded attorneys' fees as punitive damages. *See, e.g.*, *Koga v. Eastern Savings Bank, FSB*, CIVIL NO. CV 11-00123 DKW/BMK, 2014 WL 12598854, at *6-7 (D. Haw. Apr. 7, 2014) (awarding attorneys' fees and costs as punitive damages).

Thus, evidence of the attorneys' fees and costs Plaintiffs incurred in prosecuting its claims may be admitted for the purpose of calculating punitive damages for Plaintiffs' claim for breach of fiduciary duty.

DATED: Honolulu, Hawaii, October 26, 2023.

/s/ *Trisha H.S.T. Akagi*
KELLY G. LAPORTE
TRISHA H.S.T. AKAGI
JARRETT A. DEMPSEY

SIMON KLEVANSKY
ALIKA L. PIPER
Attorneys for Plaintiffs
DAVID SANSONE CO., INC.; DAVID SANSONE; SANSONE CO., INC.;  LOS PADRES CONSTRUCTION, INC.; AVILA PROPERTIES, LLC; SANSONE REAL ESTATE INVESTMENTS, LLC

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| DAVID SANSONE COMPANY, INC., a California corporation; DAVID SANSONE, a California resident; SANSONE COMPANY INC., a California corporation; LOS PADRES CONSTRUCTION, INC., a dissolved California corporation; AVILA PROPERTIES, LLC, a cancelled California limited liability company; SANSONE REAL ESTATE INVESTMENTS, LLC, a cancelled California limited liability company,<br><br>      Plaintiffs,<br><br>  vs.<br><br>WAIAHA RIDGE LLC, a Hawaii limited liability company; DANIEL B. BOLTON; JANET T. BOLTON; THE KONA COFFEE & TEA COMPANY, INC.; BOLTON, INC.; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; and DOE ENTITIES 1-50,<br><br>      Defendants. | Civil No.: 1:20-cv-00411 HG-RT<br><br>**CERTIFICATE OF SERVICE** |

# CERTIFICATE OF SERVICE

I hereby certify that, on this date, a true and correct copy of the foregoing was served electronically through CM/ECF on the following parties at their respective last known address:

TERRI L. FUJIOKA-LILLEY
DAWN H. LAIRD
ANDREW M. KENNEDY
Email:  filings@bflwlaw.com;
            terri@bflwlaw.com
            dawn@bfl.law
            andrew@kona-lawyer.com

Attorneys for Defendants
WAIAHA RIDGE LLC; DANIEL B. BOLTON;
JANET T. BOLTON, THE KONA COFFEE &
TEA COMPANY, INC.; BOLTON, INC.

DATED: Honolulu, Hawaii, October 26, 2023.

/s/ Trisha H.S.T. Akagi
KELLY G. LAPORTE
TRISHA H.S.T. AKAGI
JARRETT A. DEMPSEY

SIMON KLEVANSKY
ALIKA L. PIPER
Attorneys for Plaintiffs
DAVID SANSONE COMPANY, INC.,
DAVID SANSONE, SANSONE COMPANY,
INC., LOS PADRES CONSTRUCTION,
INC., AVILA PROPERTIES, LLC, AND
SANSONE REAL ESTATE INVESTMENTS,
LLC